**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **E*TRADE SAVINGS BANK and E*TRADE MORTGAGE CORPORATION** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Civil Action No. 07 CIV 8065** |
| **NATIONAL SETTLEMENT AGENCY, INC.; FAST TRACK TITLE AGENCY LLC; STEVEN M. LEFF; RACHEL M. LEFF; and RICHARD A. LEFF,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

NOW COMES Defendant, FAST TRACK TITLE AGENCY LLC (hereinafter "Fast Track"), by and through their attorneys, CLAUSEN MILLER P.C., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by E*Trade Savings Bank and E*Trade Mortgage Corporation (hereinafter "Plaintiffs").

## INTRODUCTION

Applying the pleadings standards recently articulated by the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), Plaintiffs' Complaint should be dismissed in its entirety. As a threshold matter, the Complaint fails to adequately plead sufficient facts to plausibly show that a cause of action exists against Fast Track, which is fatal to Plaintiffs' claim. Plaintiffs' Complaint merely sets forth, in a conclusory fashion, that an undifferentiated group of defendants are liable for seven causes of action, including fraud. Based on the Complaint's failure to satisfy the pleading standard set forth in *Bell Atlantic*, Plaintiffs' Complaint should be dismissed on this basis alone.

However, the Plaintiffs' failure to plead anything more than a speculative claim against a group of undifferentiated defendants is not the Complaint's only deficiency. In addition, Plaintiffs' alter ego allegations against Fast Track are nothing but bald, conclusory statements, which are insufficient to raise Plaintiffs' claim against Fast Track beyond mere speculation. *Bell Atlantic* held that a complaint is subject to dismissal if it does not allege actual facts "plausibly" supporting (as distinguished from "possibly" supporting) the alleged cause of action. Thus, Plaintiff must plead facts plausibly showing that Fast Track was the alter ego of National Settlement Agency, Inc. ("NSA") and cannot rely on mere conclusions. Plaintiff's conclusory allegations, including such speculative allegations based "upon information and belief," are also insufficient to meet the two-part test for determining liability under an alter ego theory. For these reasons alone, Plaintiffs' Complaint against Fast Track should be dismissed in its entirety.

In addition to failing to satisfy the *Bell Atlantic* pleading requirements and the failure to set forth facts to allege liability based on an alter ego theory, Plaintiffs' seven causes of action contain additional deficiencies that warrant dismissal. Therefore, Fast Track respectfully requests that Plaintiffs' Complaint be dismissed in its entirety.

## ARGUMENT

### I. Under The New Pleading Standard Set Forth In *Bell Atlantic*, Plaintiff Must Plead Sufficient Facts To State A Plausible Claim

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because they have failed to state a claim against Fast Track. FED. R. CIV. P. 12(b)(6). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In 1957, the Supreme Court interpreted this language to mean that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a

reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

However, on May 21, 2007, the Supreme Court determined that *Conley*'s "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The court need not accept "bald assertions and conclusions of law" as supporting or establishing Plaintiffs' claim. *Abdelhamid v. Altria Group, Inc.*, No. 06 Civ. 3927, 2007 WL 2186275, at *2 (S.D.N.Y. July 27, 2007). Although a court must take the plaintiff's allegations as true, the claim may still fail as a matter of law…if the claim is not legally feasible." *Id.*

Thus, merely pleading a *possibility* of recovery is not enough. A plaintiff is required to plead factual "allegations *plausibly* suggesting (not merely consistent with)" an entitlement to relief. *Bell Atlantic*, 127 S. Ct. at 1966 (emphasis added). Accordingly, under *Bell Atlantic*, a "plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. As the Supreme Court recognized, "a district court must retain the power to insist upon some specificity in pleading *before* allowing a potentially massive factual controversy to proceed." *Id.* at 1967 (emphasis added). The Supreme Court dismissed the complaint in *Bell Atlantic* because "it failed *in toto* to render plaintiff's entitlement to relief plausible." *Id.* at 1973, fn. 14. In this case, Plaintiffs' Complaint should be dismissed because it

fails to render their entitlement to relief plausible. This Court should not stray from the precedent set by the Supreme Court.

### A. Plaintiffs Failed To Plead Sufficient Facts Under The New *Bell Atlantic* Standard

It should be noted at the outset that Plaintiffs' Complaint is riddled with nothing but speculative allegations against a group of undifferentiated defendants. Plaintiff makes only the following conclusory allegations:

a. "*Upon information and belief*, E*TRADE alleges that defendants NSA and Fast Track have such a unity of interest and ownership that they are each the alter ego of the other, and liable for each other's conduct." (Complaint, ¶ 5) (emphasis added).

b. "In connection with the same mortgage transactions, *upon information and belief*, defendants Steven Leff, Rachel Leff, Richard Leff and Fast Track acted as title insurance agents." (Complaint, ¶ 13) (emphasis added).

c. "In the spring and summer of 2007, *upon information and belief*, defendants converted more that $2.5 million of E*TRADE's funds that had been wired into escrow accounts for defendants to disburse or cause to be disbursed to E*TRADE's borrowers and other designated payees at several mortgage closings. Rather than disburse the funds as required, defendants secreted all or a portion of the loan proceeds for their own personal uses, to the detriment of E*TRADE." (Complaint, ¶ 15) (emphasis added).

Plaintiffs' speculative Complaint is insufficient to survive a motion to dismiss under the new pleading standard articulated by the Supreme Court in *Bell Atlantic*. In *Bell Atlantic*, the Supreme Court set forth a standard under which pleadings are scrutinized: Plaintiffs are required to plead sufficient *factual* allegations "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. Under *Bell Atlantic*, Plaintiffs may no longer rely upon "labels and conclusions," like Plaintiffs do in this case. Instead, Plaintiffs must plead facts to establish that a claim is *plausible*, not merely *possible*. *Id.*; *see also In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) (court affirmed district court's dismissal of claim on the basis that the plaintiff's bare, conclusory claims lacked the requisite factual basis under *Bell Atlantic*); *Abdelhamid v.*

*Altria Group, Inc.*, No. 06 Civ. 3927, 2007 WL 2186275, at *2 (S.D.N.Y. July 27, 2007) (internal citations omitted) (allegations in complaint must "amplify a claim with some factual allegations…to render the claim *plausible*."). In this case, Plaintiffs have failed to satisfy *Bell Atlantic*'s standard.

**B. Plaintiffs' Allegations Based "Upon Information And Belief" Do Not Satisfy The *Bell Atlantic* Standard**

As set forth above, the so-called "factual statements" in Plaintiffs' Complaint are prefaced with "upon information and belief", which is insufficient to satisfy the pleading requirements set forth in *Bell Atlantic*. *See Bell Atlantic*, 127 S. Ct. at 1962 (Court rejected as inadequate "ultimate allegations" based on "information and belief"); *Aktieselskabet v. Fame Jeans*, No. 06-585, 2007 WL 1655877, at *14-*15 (D.D.C. June 7, 2007) (finding allegations "on information and belief" insufficient under *Bell Atlantic* standard).

Noticeably absent from Plaintiffs' Complaint are the factual bases upon which their "information and belief" allegations against Fast Track are based. Without providing factual support, these allegations are inherently speculative and improperly conclusory. Allegations "on information and belief", like those pled by Plaintiff here, are inadequate under *Bell Atlantic* and are, therefore, insufficient to survive this motion to dismiss. Plaintiffs' entire claim against Fast Track is based on guesswork in the hope that the Court will allow their claim to pass the pleading stage so that they might stumble upon some support for their bald allegations. *Bell Atlantic* specifically prohibits such use of pleadings in the judicial process. *Id.* This Complaint is no exception. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety on this basis alone.

## II. Plaintiffs Failed To Sufficiently Allege That Fast Track Is The Alter Ego Of NSA

The Complaint alleges that Plaintiffs' funds were wired into escrow accounts maintained by NSA. (Complaint, ¶ 14). Plaintiffs then allege, in a conclusory manner, that "defendants converted more than $2.5 million of E*TRADE's funds…". (Complaint, ¶ 15). Based on these bare, speculative allegations, Plaintiffs seek to impose liability on Fast Track under an alter ego theory. Plaintiffs' general, conclusory allegations against defendants as a whole are insufficient to impose liability on Fast Track.

### A. Plaintiffs' Alter Ego Allegations Are Insufficient Under *Bell Atlantic*

Plaintiffs have not pled sufficient facts to allege that Fast Track and NSA are alter egos and, instead, rely on labels and conclusions. Under *Bell Atlantic*, this is fatal to their claim. Plaintiff makes only the following conclusory allegations against an undifferentiated group of defendants:

> a. "*Upon information and belief*, E*TRADE alleges that defendants NSA and Fast Track have such a unity of interest and ownership that they are each the alter ego of the other, and liable for each other's conduct." (Complaint, ¶ 5) (emphasis added).

As set forth above, simply labeling the entities as "alter egos" is insufficient under *Bell Atlantic*. *Bell Atlantic*, 127 S. Ct at 1965. *See also Abelman v. Shoratlantic Dev. Co.*, 153 A.D.2d 821, 545 N.Y.S.2d 333, 334 (N.Y. App. Div. 1989) ("…mere conclusory allegations that an entity is an 'alter ego' of a corporation are insufficient to sustain a cause of action against it."); *Bonanni v. Straight Arrow Publishers*, 133 A.D.2d 585, 520 N.YS.2d 7, 9 (N.Y. App. Div. 1987) ("the amended complaint contains only a legal conclusion with no factual allegations supporting the alter ego claim, which is 'so purely conclusory as to be meaningless.'"). Further, Plaintiffs' allegations "upon information and belief" are not sufficient to satisfy the *Bell Atlantic* standard, because a pleading must set forth more than a speculative right to relief. *Id.*

**B. Plaintiffs Failed to Satisfy The Two-Prong Test To Establish Alter Ego Liability**

In addition to failing to meet the *Bell Atlantic* pleading standard, Plaintiffs' alter ego claims against Fast Track should be dismissed because they fall far short of the stringent test for properly pleading liability under an "alter ego" theory. It is well-established that there is a "presumption of corporate separateness." *New York State Teamsters Conference Pension & Retirement Fund v. Hoh*, 554 F. Supp. 519, 526 (N.D.N.Y. 1982). "[C]ourts do not lightly disregard the separate existence of related corporations…". *Coastal State v. Zenith*, 446 F. Supp. 330, 337 (D.C.N.Y. 1977). To establish liability under an "alter ego" theory, a plaintiff must plead and prove the following two factors: (1) the parent exercised such complete domination "in respect to the transaction attacked" that the subsidiary had "at the time" no separate will of its own; and (2) this domination was used "to commit [a] fraud or wrong … which proximately caused plaintiff's injury." *Zinaman v. USTS New York, Inc.*, 798 F. Supp. 128 (S.D.N.Y. 1992), *citing American Protein Corp. v. AB Volvo*, 844 F.2d 576, 60 (2d Cir. 1998).

**1. Plaintiffs' Bare, Conclusory Allegations Do Not Satisfy The Two-Prong Test To Impose Liability Under An Alter Ego Theory**

To meet the first prong of the test, the Plaintiffs must allege that Fast Track was controlled and dominated to such an extent that Fast Track "had no existence of its own." *Kashfi v. Phibro-Salomon, Inc.*, 628 F. Supp. 727, 733 (S.D.N.Y. 1986). In applying the alter ego theory, courts typically look to the following factors: "(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence; (2) inadequate capitalization; (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes; (4) overlap in ownership, officers, directors and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the amount of business discretion displayed by the allegedly dominated corporation; (7) whether the related corporations deal with

the dominated corporation at arms length; (8) whether the corporations are treated as independent profit centers; (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group; and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own." *Camofi Master LDC v. College Partnership*, 452 F. Supp. 2d 462, 472 (S.D.N.Y. 2006). "No single one of these factors is dispositive…". *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 141 F. Supp. 2d 412, 418 (S.D.N.Y. 2001).

Plaintiffs' Complaint makes no reference to the factors considered in applying the alter ego theory and instead relies on a blanket, conclusory statement that NSA and Fast Track "are the alter ego of the other…". (Complaint, ¶ 5). The only factual allegations in Plaintiffs' Complaint are ("upon information and belief") the existence of interlocking directorates and ("upon information and belief") a shared address. (Complaint, ¶¶ 3, 4, 6, 7). However, as the Second Circuit Court of Appeals recognized in *American Protein*, an allegation of an overlap in directors alone is not sufficient. *See American Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988) ("This commonplace circumstance of modern business does not furnish such proof of control as will permit a court to pierce the corporate veil."); *Coastal State v. Zenith*, 446 F. Supp. 330, 337-338 (D.C.N.Y. 1977) (same officers and directors not enough for alter ego liability for related corporations). With regard to the shared address, Plaintiffs acknowledge that NSA does business out of two additional addresses that it does not mention in connection with Fast Track. (*See* Complaint, ¶¶ 3, 4).

With regard to the second prong of the test, Plaintiffs have failed to provide any evidence that Fast Track committed fraud. Instead, Plaintiffs' Complaint relies on conclusory allegations of fraud and fails to plead the requisite control and domination required under the second prong

of the test for alter ego liability. *See Zinaman v. USTS New York, Inc.*, 798 F. Supp. 128, 132 (S.D.N.Y. 1992) (complaint that merely asserts that parent company participated with and "caused" the subsidiary to take actions insufficient to show the requisite second element); *New York State Teamsters Conference Pension & Retirement Fund v. Hoh*, 554 F. Supp. 519, 525-526 (N.D.N.Y. 1982) (mere allegations of fraud in complaint insufficient to establish parent as alter ego of subsidiary and justify piercing the corporate veil). Plaintiffs' conclusory allegations are insufficient to plead a viable theory of alter ego liability.

### 2. Plaintiffs' Speculative Allegations Based "Upon Information And Belief" Do Not Satisfy The Test To Establish Alter Ego Liability

The Complaint's "upon information and belief" allegations are inadequate to establish alter ego liability for fraud. In *Old Republic Insurance Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361 (S.D.N.Y. 1997), the complaint attempted to set forth an alter ego theory based on the following allegations: "[u]pon information and belief, each of the …defendants which presently exist is an *alter ego* and/or successor corporation to those …defendants that have been dissolved or terminated." This Court found the complaint insufficient because the complaint failed to allege: 1) which company was the parent company; 2) which entity controlled or dominated the others; and 3) which entity committed the wrongs alleged in the complaint. This Court dismissed the alter ego claims, finding the allegations against an undifferentiated group of defendants to be insufficient even under the liberal standard set forth in Rule 8(a). *Id.* at 375.

The allegations in this case mirror those set forth in *Old Republic*. As in *Old Republic*, where the alter ego allegations were based "upon information and belief" and involved an undifferentiated group of defendants, Plaintiffs' allegations are based "upon information and belief" and lump all defendants into one group. Further, as in *Old Republic*, where no parent corporation was identified, Plaintiffs have failed to identify a parent corporation, leaving this

Court to guess about which veil Plaintiffs seek to pierce. In addition, the complaint in *Old Republic* failed to allege which entity controlled the others. Similarly, Plaintiffs' Complaint fails to set forth which entity was in control. Finally, just like the complaint in *Old Republic* failed to allege which entity committed the wrongs, Plaintiffs fail to allege which entity committed the alleged wrongs in this case. Therefore, Plaintiffs' attempt to allege alter ego liability against Fast Track by simply grouping it with other defendants is insufficient.

Additionally, *Old Republic* was decided before *Bell Atlantic*. If speculative allegations based "upon information and belief" did not satisfy the requirements of Rule 8(a)(2), allegations like this would certainly not satisfy the *Bell Atlantic* pleading standard. In this case, Plaintiffs' allegations of alter ego liability are conclusory at best. The failure to sufficiently allege liability on an alter ego theory, coupled with the Plaintiffs' failure to set forth anything more than a speculative cause of action against Fast Track, requires dismissal of the Complaint in its entirety.

## III. <u>The Individual Claims In Plaintiffs' Complaint Are Deficient For Additional Reasons</u>

As set forth above, Plaintiffs' bare, conclusory allegations fall well short of the critical line between the *mere possibility* and the *probability* of entitlement to relief set forth in *Bell Atlantic*. In addition, Plaintiffs' speculative allegations of alter ego liability fail to differentiate between defendants and, therefore, do not set forth a sufficient claim of alter ego liability against Fast Track. Taken together, Plaintiffs' Complaint fails as whole. In addition to failing to meet these threshold requirements, Plaintiffs' individual allegations fail for additional reasons.

### A. Plaintiffs' Breach Of Contract Claim Against Fast Track Cannot Survive A Motion To Dismiss

Plaintiffs have failed to adequately plead a breach of contract action against Fast Track. The essential elements of a claim for breach of contract under New York law are: "1) the existence of a contract; 2) due performance of the contract by plaintiff; 3) breach of the contract

by defendant; and 4) damages resulting from the breach." *R.H. Damon & Co. v. Softkey Software Products, Inc.*, 811 F. Supp. 986, 991 (S.D.N.Y. 1993).

In addition to containing conclusory statements, Plaintiffs' breach of contract claim fails to meet even the first requirement because it does not state that a contract with Fast Track exists and, instead, attempts to skate over this requirement by grouping all defendants together. The Complaint also fails to state which defendant allegedly breached the contract.

Plaintiffs' Complaint contains nothing more than a recitation of the elements for a breach of contract. It merely recites a formula, which is insufficient under *Bell Atlantic*. *See Bell Atlantic*, 127 S. Ct. 1964-65 (a "plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). While Plaintiffs set forth each element of a breach of contract claim in a conclusory fashion, the Complaint lacks the factual allegations necessary to clarify the "grounds" on which the claim rests. *Id.* at 1965, n.3. Like the Plaintiffs in *Bell Atlantic*, Plaintiffs here have not "nudged their claim across the line from conceivable to plausible." *Id.* at 1974. Therefore, Plaintiffs' allegations for breach of contract are insufficient to state a cause of action against Fast Track and must be dismissed.

### B. Plaintiffs' Allegations Based "Upon Information And Belief" Are Insufficient To Plead A Cause of Action For Conversion

Plaintiffs' Second Cause of Action for conversion should also be dismissed. In New York, conversion is "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-404 (2d Cir. 2006). "For an action in conversion to lie when the original possession of the property is lawful, a plaintiff must make a demand for the allegedly converted property and the possessor must refuse." *Ad Rendon Communications, Inc. v. Lumina*

*Americas, Inc.*, No. 04-CV-8832, 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007). To establish a claim for conversion, a plaintiff must show that: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Id., citing Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004).

Plaintiffs' conversion count fails for numerous reasons. First, the allegations based "upon information and belief" do not satisfy the pleading standard set forth in *Bell Atlantic*. (Complaint, ¶¶ 24, 25, 28). Second, the claim groups all defendants together and has failed to sufficiently allege alter ego liability. Third, Plaintiff fails to meet the elements required to set forth a cause of action for conversion. Nowhere in Plaintiffs' Complaint do they allege that they made a demand for property that the defendants refused. Further, they do not identify the actions of each defendant, nor do they allege that defendants exercised an unauthorized dominion over the funds.

Fourth, even if Plaintiffs' claim for conversion satisfies the elements of a conversion claim, Plaintiff's claim for conversion is duplicative of its allegations for breach of contract. It is well-established that a conversion claim that is duplicative of a contract claim may be dismissed even if the conversion claim satisfies the technical elements of that tort. *Ad Rendon Communications, Inc. v. Lumina Americas, Inc.*, at *4. "In determining whether a conversion claim is duplicative of a breach of contract claim, courts looks both to the material facts upon which each claim is based and to the alleged injuries for which damages are sought." *Ad Rendon Communications, Inc.*, at *4. "Thus, "a tort cause of action that is based upon the same facts underlying a contract claim will be dismissed as a mere duplication of the contract cause of

action...." *Id.* at *5, citing *Reade v. SL Green Operating Partnership, LP*, 817 N.Y.S.2d 230, 231 (N.Y. App. Div. 2006). *See also Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) ("A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations.").

In *Ad Rendon Communications, Inc. v. Lumina Americas, Inc.*, No.04-CV-8832, 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007), the plaintiff brought a breach of contract claim and a conversion claim against the defendant, alleging that the defendant wrongfully transferred money from plaintiff's account and failed to return the money, accepted a refund check that should have been given to the plaintiff, and also retained money that it should have forwarded for a media buy. First, the court observed that these same facts comprised the contact claim and the conversion claim. Second, the court noted that the breach of contract claim and the conversion claim sought redress for the same damages. As a result, the court dismissed the conversion count as duplicative of the count for breach of contract, noting that the plaintiff would "in effect be paid twice" if it were to recover under both counts. *Id.* at *5, *8,

Just as in *Ad Rendon*, Plaintiffs' breach of contract claim and conversion claim stem from the same conclusory allegations involving the wiring of funds in connection with mortgage closings. (Complaint, ¶¶ 20, 26, 27). Similarly, Plaintiffs are seeking to recover under both breach of contract and conversion for the same damages. (Complaint, ¶¶ 22, 28). *See also Strojmaterialintorg v. Russian Am. Commercial Corp.*, 815 F. Supp. 103, 106 (E.D.N.Y. 1993) (conversion claim dismissed when the underlying basis for the claim is an alleged breach of contract). Because Plaintiffs' claims arise from the same allegations and seek redress for the same damages, Plaintiffs would be "paid twice" if the conversion claim survives. As a result, even if Plaintiffs' conversion claim could overcome the hurdles presented by *Bell Atlantic* and

the pleading standard for alter ego liability, it would still be subject to dismissal as duplicative of the breach of contract claim.

**C. Plaintiffs' Breach Of Fiduciary Duty Claim Does Nothing More Than Regurgitate The Requisite Elements**

Plaintiffs' cause of action for breach of fiduciary duty merely recites a formula and lacks the factual support to make the claim plausible. In order to state a claim under New York law for breach of fiduciary duty, "a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct." *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590, 835 N.Y.S.2d 644 (N.Y. 2007). In their Complaint, Plaintiffs have merely regurgitated the elements of the cause of action, which is not sufficient under *Bell Atlantic*. *See Bell Atlantic*, 127 S. Ct. 1964-65 (a "plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Further, as stated above, Plaintiffs do not allege any allegations against Fast Track individually and instead group all defendants together, which is not sufficient to establish liability under an alter ego theory. As such, Plaintiff's claim for breach of fiduciary duty must be dismissed.

**D. Plaintiffs' Allegations Fail To Meet The Heightened Pleading Standards Required For Fraud**

In addition to failing to meet the standards set forth in *Bell Atlantic* and sufficiently alleging that NSA and Fast Track are alter egos, Plaintiffs' fraud claim fails for numerous reasons.

**1. Plaintiffs Have Not Met The Heightened Pleading Standard Required To Sustain A Claim For Fraud**

First, Plaintiffs have failed to plead their cause of action for fraud with particularity. Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") mandates that "[i]n all averments of fraud or

mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. PRO. 9(b). "Rule 9(b) imposes upon a plaintiff a heightened level of pleading in order to provide a defendant with fair notice of a plaintiff's claim." *Old Republic Ins. Co. v. Hansa World Cargo Serv. Inc.*, 170 F.R.D. 361, 376 (S.D.N.Y. 1997). "To achieve that objective, a complaint must (1) specify those statements that the plaintiff claims were fraudulent; (2) identify the speaker; (3) specify where an when the statements were made; (4) explain why the statements were fraudulent in nature." *Id.* at 374. To plead a claim for fraud, Plaintiffs must allege: (1) an express representation of material fact; (2) that the representation was false; (3) that the representation was made with the intent to defraud; (4) that Plaintiffs reasonably relied upon the misrepresentation; and (5) that Plaintiffs suffered damage as a result. *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 284 (S.D.N.Y. 1991).

It is well-established that "mere conclusory allegations of fraudulent or deceptive behavior are insufficient to satisfy Rule 9(b)." *Carlucci v. Owens-Corning Fiberglas Corp.*, 646 F. Supp. 1486, 1489 (E.D.N.Y. 1986). Further, a plaintiff must plead fraud with particularity as to each defendant. *Old Republic Ins. Co. v. Hansa World Cargo Serv. Inc.*, 170 F.R.D. 361, 376 (S.D.N.Y. 1997). The mere resuscitation of the essential elements of fraud will not satisfy Rule 9(b). *Airlines Reporting Corp. v. Arrow Voyagers, Inc.*, 721 F. Supp 579, 582 (S.D.N.Y. 1989).

In contravention of Rule 9(b), Plaintiffs' Complaint's contains only general, conclusory allegations of fraud. The Complaint fails to set forth the time, place and contents of any alleged false representations. In addition, the Complaint repeatedly makes allegations against all defendants as a whole, and fails to plead which defendant allegedly engaged in what conduct. This does not "come close to achieving the purpose of Rule 9(b) - providing each defendant with notice of the claims against them." *Id.* In this case, none of the fraud allegations are specifically

directed against Fast Track, so Fast Track is not sufficiently informed of the alleged cause of action against it. *See, e.g., DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud"). As a result, Plaintiffs' claim for fraud must be dismissed.

**2. Fraud Allegations Based "Upon Information and Belief" Are Insufficient**

Furthermore, Plaintiffs' allegations of fraud are based "upon information and belief." (Complaint, ¶¶ 36, 37, 40). Fraud allegations resting on nothing more than "information and belief" are generally inadequate under Rule 9(b) and, even when such allegations pertain to matters peculiarly within the adverse parties' knowledge, Rule 9(b) requires that the allegations be accompanied by a statement of facts upon which the asserted "information and belief" is founded. *Carlucci v. Owens-Corning Fiberglas Corp.*, 646 F. Supp. 1486, 1489 (E.D.N.Y. 1986). Because the allegations in Plaintiffs' Complaint are based "upon information and belief", the allegations are insufficient to support a claim for fraud.

**3. Plaintiffs' Allegations Of Scienter Are Speculative**

Third, Plaintiffs' allegations are deficient with respect to scienter. The Complaint is required to state facts giving rise to a strong inference of fraudulent intent, not merely conclusions. *Zaro Licensing, Inc. v Cinmar, Inc.*, 779 F. Supp. 276, 285 (S.D.N.Y. 285). As the Second Circuit Court of Appeals noted in *Wexner v. First Manhattan Co.*, 902 F.2d 169, 173 (2d Cir. 1990), "[c]learly, an inference that the defendants knew their statements to be false cannot be based on allegations which are themselves speculative." *Id.* at 285. *See also Zaro Licensing, Inc. v Cinmar, Inc.*, 779 F. Supp. 276, 285 (S.D.N.Y. 1991) (finding complaint deficient with respect to scienter when it only stated conclusions and failed to adequately plead that *individual*

defendants knew that statements were false). In this case, Plaintiffs' allegations relating to scienter are based "upon information and belief". (Complaint, ¶ 37, 40). Plaintiffs' allegations also fail to specify which defendant allegedly knew statements were false. These speculative allegations fail to set forth the requisite specificity under Rule 9(b) and, as a result, are insufficient to sustain a fraud claim.

**4. Plaintiffs' Allegations Of Damages Are Insufficient**

Plaintiffs' Complaint also fails to specify how or what damages were sustained by them as the specific result of the alleged fraud. Instead, Plaintiffs rely on an allegation based "upon information and belief" and simply conclude that Plaintiffs were "thereby damaged." (Complaint, ¶ 40). These general, conclusory allegations are insufficient to support a claim for fraud against Fast Track. *See, e.g., Zaro Licensing, Inc. v Cinmar, Inc.*, 779 F. Supp. 276, 285 (S.D.N.Y. 1991) (internal citations omitted) ("Allegations that but for the fraudulent statements and omission, the plaintiffs would not have invested in the transaction in which they lost money are not sufficient.").

**5. Plaintiffs' Fraud Claim Is Duplicative Of Its Breach Of Contract Claim**

In addition to being insufficiently pled, Plaintiffs' fraud claim mirrors its breach of contract claim. New York courts have been cautious in sustaining an independent fraud claim where a plaintiff alleges both a breach of contract and a fraud claim arising from the same series of events. *Sofi Classics S.A. Dec. C.V. v. Horowitz*, 444 F. Supp. 2d 231, 243 (S.D.N.Y. 2006). "To state a fraud claim in conjunction with a breach of contract claim, a plaintiff must allege either: 1) the violation of a legal duty separate and apart from the contractual duty to perform, 2) a fraudulent representation collateral or extraneous to the contract, or 3) special damages

proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages." *Id.* at 243-244.

Plaintiffs' breach of contract claim and fraud claim both allege that defendants were to act as closing agents in connection with the loan transaction. (Complaint, ¶¶ 19, 20, 36). Further, both counts allege that defendants converted funds. (Complaint, ¶¶ 21, 38). Finally, both counts claim damages in amount no less than $3 million resulting from the same set of facts. (Complaint, ¶¶ 22, 40). Plaintiffs' allegations for fraud mirror their claim for breach of contract because they arise from the same events. For these reasons, Plaintiffs' Fourth Cause of Action for Fraud must be dismissed.

### E. In Addition To Failing To Meet The *Bell Atlantic* Pleading Standard And Sufficiently Alleging That NSA And Fast Track Are Alter Egos, Plaintiffs' Negligence Claim Must Fail For Several Reasons

Plaintiffs' claim for negligence is insufficient because it merely recites a formula. "A negligence claim under New York law requires a plaintiff to establish [i] a duty owed to the plaintiff by the defendant[s], [ii] breach of that duty, and [iii] injuries substantially caused by that breach." *Payday Advance Plus, Inc. v. Findwhat.com, Inc.*, 478 F. Supp. 2d 496, 505 (S.D.N.Y. 2007), *citing Lombard v. Booz-Allen and Hamilton, Inc.*, 280 F.3d 209, 215 (3d Cir. 2002). Plaintiffs' negligence count must be dismissed for several reasons. First, Plaintiffs' Complaint simply regurgitates the elements of a negligence claim under New York law. This is prohibited by *Bell Atlantic*. *See Bell Atlantic*, 127 S. Ct. 164-65.

Further, in addition to their negligence claim, Plaintiffs also allege a cause of action for breach of contract against Defendants. It is well-established under New York law that "where the only duty owed to the plaintiff arises because of a valid contract, a negligence claim does not lie." *Payday Advance Plus, Inc. v. Find What.com, Inc.*, 478 F. Supp. 2d 496, 505 (S.D.N.Y. 2007); *Clark-Fitzpatrick, Inc. v. Long Island P. Co.*, 70 N.Y.2d 382, 516 N.E.2d 190, 193 (N.Y.

1980) ("It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of a contract itself has been violated."). Here, Plaintiffs claim for breach of contract and negligence cannot both survive. Plaintiffs have failed to allege any sort of duty independent of the alleged contract. As a result, Plaintiffs' negligence claim must be dismissed.

**F. Plaintiffs' Claim For Unjust Enrichment Must Be Dismissed**

In addition to containing allegations based "upon information and belief" which are insufficient under *Bell Atlantic*, Plaintiffs' unjust enrichment claim must fail for additional reasons. "To state a claim for unjust enrichment under New York law, plaintiff must allege that: (1) the defendant benefited; (2) the benefit was at the expense of the plaintiff; and (3) that equity and good conscience require restitution." *Orange County Choppers, Inc. v. Olaes Enterprises, Inc.*, 497 F. Supp. 2d 541, 555 (S.D.N.Y. 2007).

In their Complaint, Plaintiffs merely recite the elements of a cause of action for unjust enrichment without setting forth sufficient facts to move their claim into the realm of plausibility instead of mere possibility. This is insufficient under the pleading standard set forth in *Bell Atlantic*. In addition, the cause of action cannot survive because Plaintiffs have not established that Fast Track is the alter ego of NSA, and there are no direct claims against Fast Track in the Sixth Cause of Action.

Further, it is well-established that there is no claim for unjust enrichment that lies where the subject matter of a claim is covered by a written contract. *Sofi Classics S.A. Dec. C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006). Here, even if this cause of action were sufficiently plead, it could not survive if Plaintiffs' claim for breach of contract against Fast Track exists. As a result, the unjust enrichment claim must be dismissed.

**G. Plaintiffs' Claim For Money Had And Received Must Be Dismissed**

Plaintiffs' cause of action for money had and received must be dismissed because it fails to set forth a plausible claim against Fast Track. There are three factors a court considers when evaluating a claim for money had and received. "The essential elements for money had and received are that: "1) defendant received money belonging to plaintiff; 2) defendant benefited from the receipt of money; and 3) under principles of equity and good conscience, defendant should not be permitted to keep the money."' *Allied Irish Banks v. Bank of America*, *N.A.*, No. 03 CIV 3748, 2006 WL 278138 *13 (S.D.N.Y. 2006). Plaintiffs' claim for money had and received must fail because it simply regurgitates the elements of the cause of action, which is insufficient under *Bell Atlantic*. In addition, the cause of action cannot survive because Plaintiffs have not established that Fast Track is the alter ego of NSA, and there are no direct claims against Fast Track in the Seventh Cause of Action. Therefore Plaintiffs' Complaint should be dismissed.

**CONCLUSION**

WHEREFORE, Fast Track Title Agency, LLC respectfully requests that this Court dismiss the Complaint with prejudice.

Respectfully submitted,

Carl M. Perri (CMP6415)
**CLAUSEN MILLER, PC**
Attorney for Defendant
**FAST TRACK TITLE AGENCY, LLC**
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3900

TO: Morgan, Lewis, & Bockius, LLP
101 Park Avenue
New York, New York 10178

Lawrence F. Morrison, Esq.
220 East 72nd Street, 25th Floor
New York, New York 10021

Michael L. Soshnick, Esq.
190 Willis Avenue
Suite 112
Mineola, New York 11501

Kaufman, Borgeest & Ryan, LLP
99 Park Avenue
New York, New York 10016