UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E*TRADE SAVINGS BANK and<br>E*TRADE MORTGAGE CORPORATION<br><br>Plaintiffs,<br>vs.<br><br>NATIONAL SETTLEMENT AGENCY,<br>INC.; FAST TRACK TITLE AGENCY<br>LLC; STEVEN M. LEFF; RACHEL M.<br>LEFF; and RICHARD A. LEFF,<br><br>Defendants. | Civil Action No. 07 CIV 8065<br><br>CERTIFICATION OF<br>CARL M. PERRI IN SUPPORT<br>OF MOTION TO DISMISS<br>COMPLAINT |

### DEFENDANT FAST TRACK TITLE AGENCY LLC'S
### MOTION TO DISMISS COMPLAINT

### CERTIFICATION OF CARL M. PERRI

Carl M. Perri, Esq., a member of the Bar of this Court, respectfully moves this Court to dismiss the entire Complaint filed against Defendant, Defendant, FAST TRACK TITLE AGENCY LLC (hereinafter "Fast Track"), by and through its attorneys, CLAUSEN MILLER P.C., and moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), to dismiss Plaintiffs' Complaint against Fast Track. In support of this motion, Fast Track states as follows:

1. Plaintiffs E*TRADE Savings Bank and E*TRADE Mortgage Corporation filed a Complaint alleging causes of action for breach of contract, conversion, breach of fiduciary duty, fraud, negligence, unjust enrichment and money had and received against all defendants arising out of the alleged conversion of funds in connection with mortgage transactions.

2. Dismissal pursuant to Rule 12(b)(6) is warranted where a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1974 (May 21, 2007).

230421.1

3. Applying the pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), Plaintiffs' Complaint should be dismissed in its entirety because it fails to adequately plead sufficient facts to plausibly show that a cause of action exists against Fast Track.

4. The Complaint must also be dismissed because Plaintiffs' speculative, conclusory allegations are insufficient to meet the two-prong test for determining liability under an alter ego theory. *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361 (S.D.N.Y. 1997).

5. In addition to failing to satisfy the pleading requirements set forth in *Bell Atlantic* and the failure to set forth facts to allege liability based on an alter ego theory, Plaintiffs' seven causes of action contain additional deficiencies that require dismissal.

6. In further support of its Motion, Fast Track incorporates the arguments set forth in the accompanying Memorandum of Law in Support of Motion to Dismiss.

WHEREFORE, for the reasons noted above, Defendant FAST TRACK TITLE AGENCY LLC, respectfully requests that this Honorable Court dismiss with prejudice Plaintiffs' Complaint and award Fast Track such other and further relief as this Court deems just.

Respectfully submitted,

_____
Carl M. Perri

Carl M. Perri (CMP6415)
CLAUSEN MILLER P.C.
One Chase Manhattan Plaza
New York, New York 10005
Attorneys for Defendant Fast Track Title
Agency LLC

230421.1

TO:   Morgan, Lewis, & Bockius, LLP
      101 Park Avenue
      New York, New York 10178

      Lawrence F. Morrison, Esq.
      220 East 72nd Street, 25th Floor
      New York, New York 10021

      Michael L. Soshnick, Esq.
      190 Willis Avenue
      Suite 112
      Mineola, New York 11501

      Kaufman, Borgeest & Ryan, LLP
      99 Park Avenue
      New York, New York 10016

230421.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E*TRADE SAVINGS BANK and<br>E*TRADE MORTGAGE CORPORATION<br><br>Plaintiffs,<br>vs.<br><br>NATIONAL SETTLEMENT AGENCY,<br>INC.; FAST TRACK TITLE AGENCY<br>LLC; STEVEN M. LEFF; RACHEL M.<br>LEFF; and RICHARD A. LEFF,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  07 CIV 8065<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I. Under The New Pleading Standard Set Forth In *Bell Atlantic*, Plaintiff Must
       Plead Sufficient Facts To State A Plausible Claim . . . . . . . . . . . . . . . . . . . . . . . . 2

       A. Plaintiffs Failed To Plead Sufficient Facts Under The New *Bell Atlantic*
          Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       B. Plaintiffs' Allegations Based "Upon Information And Belief" Do Not
          Satisfy The *Bell Atlantic* Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II. Plaintiffs Failed To Sufficiently Allege That Fast Track Is The Alter Ego
       Of NSA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A. Plaintiffs' Alter Ego Allegations Are Insufficient Under *Bell Atlantic* . . . . . . . 6

       B. Plaintiffs Failed To Satisfy The Two-Prong Test To Establish Alter
          Ego Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          1. Plaintiffs' Bare, Conclusory Allegations Do Not Satisfy the Two-Prong
             Test To Impose Liability Under An Alter Ego Theory . . . . . . . . . . . . . . . . 7

          2. Plaintiffs' Speculative Allegations Based "Upon Information And Belief"
             Do Not Satisfy The Test To Establish Alter Ego Liability . . . . . . . . . . . . . . 9

1153594.1

III.   The Individual Claims In Plaintiffs' Complaint Are Deficient For Additional Reasons ............................................................... 10

     A.   Plaintiffs' Breach Of Contract Claim Against Fast Track Cannot Survive A Motion To Dismiss ........................................................ 10

     B.   Plaintiffs' Allegations Based "Upon Information And Belief" Are Insufficient To Plead A Cause Of Action For Conversion .................. 11

     C.   Plaintiffs' Breach Of Fiduciary Duty Claim Does Nothing More Than Regurgitate The Requisite Elements ................................... 14

     D.   Plaintiffs' Allegations Fail To Meet The Heightened Pleading Standards Required For Fraud ...................................................... 14

          1.   Plaintiffs Have Not Met The Heightened Pleading Standard Required To Sustain A Claim For Fraud ................................... 14

          2.   Fraud Allegations Based "Upon Information and Belief" Are Insufficient ....................................................... 16

          3.   Plaintiffs' Allegations of Scienter Are Speculative ................... 16

          4.   Plaintiffs' Allegations of Damages Are Insufficient .................. 17

          5.   Plaintiffs' Fraud Claim Is Duplicative of Its Breach of Contract Claim ........................................................... 17

     E.   In Addition To Failing To Meet The Bell Atlantic Pleading Standard And Sufficiently Alleging That NSA And Fast Track Are Alter Egos, Plaintiffs' Negligence Claim Must Fail For Several Reasons ....................... 18

     F.   Plaintiffs' Claim For Unjust Enrichment Must Be Dismissed .............. 19

     G   Plaintiffs' Claim For Money Had And Received Must Be Dismissed ........ 20

CONCLUSION ................................................................. 21

# **TABLE OF AUTHORITIES**

## **CASES**                                                                                    Page

*Abelman v. Shoratlantic Dev. Co.*,
   153 A.D.2d 821, 545 N.Y.S.2d 333 (N.Y. App. Div. 1989) ......................... 6

*Abdelhamid v. Altria Group, Inc.*,
   No. 06 Civ. 3927, 2007 WL 2186275 (S.D.N.Y. 2007) .............................. 3, 4

*Ad Rendon Communications, Inc. v. Lumina Americas, Inc.*,
   No. 04-CV-8832, 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007) ..................... 11, 12, 13

*Airlines Reporting Corp. v. Arrow Voyagers, Inc.*,
   721 F. Supp 579 (S.D.N.Y. 1989) ...................................................... 15

*Aktieskelskalset v. Fame Jeans*,
   2007 WL 1655877 (D.D.C. June 7, 2007) ............................................. 5

*Allied Irish Banks v. Bank of America*, N.A.,
   No. 03 CIV 3748, 2006 WL 278138 (S.D.N.Y. 2006) ............................... 20

*American Protein Corp. v. AB Volvo*,
   844 F. 2d 56 (2d Cir. 1998) ............................................................ 7, 8

*Bell Atlantic Corporation v. Twombly*,
   127 S. Ct. 1955 (May 21, 2007) ....................................................... *passim*

*Bonanni v. Straight Arrow Publishers*,
   133 A.D.2d 585, 520 N.YS.2d 7 (N.Y. App. Div. 1987) ............................ 6

*Camofi Master LDC v. College Partnership*,
   452 F. Supp. 2d 462 (S.D.N.Y. 2006) ................................................ 8

*Carlucci v. Owens-Corning Fiberglas Corp.*,
   646 F. Supp. 1486 (E.D.N.Y. 1986) .................................................. 15, 16

*Clark-Fitzpatrick, Inc. v. Long Island P. Co.*,
   70 N.Y.2d 382, 516 N.E.2d 190 (N.Y. 1980) ........................................ 18

*Coastal State v. Zenith*,
   446 F. Supp. 330 (D.C.N.Y. 1977) .................................................... 7, 8

*Command Cinema Corp. v. VCA Labs, Inc.*,
   464 F. Supp. 2d 191 (S.D.N.Y. 2006) ................................................ 13

*Conley v. Gibson,*
   355 U.S. 41 (1957) ………………………………………………………….... 3

*DiVittorio v. Equidyne Extractive Indus., Inc.,*
   822 F.2d 1242 (2d Cit. 1987) …………………………………………........ 16

*In re Elevator Antitrust Litig.,*
   502 F.3d 47 (2d Cir. 2007) ……………………………………………….. 4

*Kashfi v. Phibro-Salomon, Inc.,*
   628 F. Supp. 727 (S.D.N.Y. 1986) ……………………………………….. 7

*Kurtzman v. Bergstol,*
   40 A.D.3d 588, 835 N.Y.S.2d 644 (2007) ………………………………... 14

*Lombard v. Booz-Allen and Hamilton, Inc.,*
   280 F.3d 209 (3d Cir. 2002) ……………………………………………… 18

*Moses v. Martin,*
   360 F. Supp. 2d 533 (S.D.N.Y. 2004) ……………………………………. 12

*New York State Teamsters Conference Pension & Retirement Fund v. Hoh,*
   554 F. Supp. 519 (N.D.N.Y. 1982) ……………………………………….. 7, 9

*Old Republic Insurance Co. v. Hansa World Cargo Serv., Inc.,*
   170 F.R.D. 361 (S.D.N.Y. 1997) ………………………………………..... 9, 10, 15

*Orange County Choppers, Inc. v. Olaes Enterprises, Inc.,*
   497 F. Supp. 2d 541 (S.D.N.Y. 2007) …………………………………….. 19

*Payday Advance Plus, Inc. v. Find What.com, Inc.,*
   478 F. Supp. 2d 496 (S.D.N.Y. 2007) …………………………………….. 18

*R.H. Damon & Co. v. Softkey Software Products, Inc.,*
   811 F. Supp. 986 (S.D.N.Y. 1993) ……………………………………….. 11

*Reade v. SL Green Operating P'ship,*
   817 N.Y.S.2d 230 (App. Div. 2006) ……………………………………… 13

*Sofi Classics S.A. Dec. C.V. v. Hurowitz,*
   444 F. Supp. 2d 231 (S.D.N.Y. 2006) …………………………………….. 17, 19

*Strojmaterialintorg v. Russian Am. Commercial Corp.,*
   815 F. Supp. 103 (E.D.N.Y. 1993) ……………………………………….. 13

iv

1153594.1

*Thyroff v. Nationwide Mut. Ins. Co.*,
    460 F.3d 400 (2d Cir. 2006) ………………………………………………………    11

*Zaro Licensing, Inc. v. Cinmar, Inc.*,
    779 F. Supp. 276 (S.D.N.Y. 1991) …………………………………………....    15, 16, 17

*Zinaman v. USTS New York, Inc.*,
    798 F. Supp. 128 (S.D.N.Y. 1992) …………………………………………....    7, 9

*Wausau Bus. Ins. Co. v. Turner Constr. Co.*,
    141 F. Supp. 2d 412 (S.D.N.Y. 2001) ………………………………………….    8

*Wexner v. First Manhattan Co.*,
    902 F. 2d 169 (2d Cir. 1990) …………………………………………………...    16

1153594.1