UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

E*TRADE SAVINGS BANK; AND
E*TRADE MORTGAGE CORPORATION,

        Plaintiffs,

  -against-

NATIONAL SETTLEMENT AGENCY, INC.;
FAST TRACK TITLE AGENCY LLC.;
STEVEN M. LEFF; RACHEL M. LEFF; AND
RICHARD A. LEFF,

        Defendants.

------------------------------------- X

CIVIL ACTION NO.: 07-08065 (LTS)(GWG)

(ECF CASE)

**PRELIMINARY PRE-TRIAL STATEMENT**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiffs E*TRADE Savings Bank and E*TRADE Mortgage Corporation (collectively "E*TRADE") and counsel for Defendants Richard A. Leff and Fast Track Title Agency, LLC ("Fast Track") conferred on November 8, 2007 and submit the following report of their meeting for the court's consideration:[1]

**A.**    <u>**Nature of the Action**</u>

E*TRADE contends that National Settlement Agency, Inc. ("NSA"), Fast Track, Stephen M. Leff, Rachel M. Leff and Richard A. Leff (the "defendants"), acted as closing agents and title insurance agents for certain residential mortgage transactions that E*TRADE was funding, and converted more than $2.5 million of E*TRADE funds that had been placed in one or more escrow account(s) for disbursement to E*TRADE borrowers and other designated payees.

---

[1] Defendants Stephen M. Leff, Rachel M. Leff, and National Settlement Agency, Inc. have not filed notices of appearance in this action and therefore, are not parties to this report. In addition, on November 12, 2007, defendant Rachel M. Leff filed a petition for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

E*TRADE alleges that it was forced to make good on the loans, satisfy its borrowers unpaid obligations, and incur legal and other expenses. E*TRADE alleges that it incurred more than $3 million in total losses as a result of defendants' conduct. Defendants allegedly breached their contracts with and fiduciary duty to E*TRADE. E*TRADE also asserts claims for conversion of E*TRADE funds, fraud, negligence and unjust enrichment, and seeks restitution. Fast Track and Richard A. Leff deny the allegations.

This civil action is related to the following cases pending before this Court: *Indymac Bank, F.S.B. v. National Settlement Agency, Inc., et al.*, No. 07-06865 (LTS)(GWG); *ABN Amro Mortgage Group, Inc. v. National Settlement Agency, Inc., et al.*, No. 07-07657 (LTS)(GWG); and *Lydian Private Bank, d/b/a Virtualbank v. Steven M. Leff*, et al., No. 07-08173 (LTS)(GWG).

**B.     Jurisdiction**

E*TRADE believes that this court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). E*TRADE Savings Bank is a citizen of the State of Virginia pursuant to 12 U.S.C. §§ 1462(5) and 1464(x) and E*TRADE Mortgage Corporation is a citizen of Virginia and California pursuant to 28 U.S.C. § 1332(a)(1). The defendants are citizens of New York and New Jersey.

E*TRADE claims losses of more than $3 million as a result of defendants' wrongful conduct. Thus, the amount in controversy exceeds the $75,000 threshold for exercise of diversity jurisdiction.

C. **Statement of Material Uncontested Facts**

Richard A. Leff does not dispute that he is an attorney licensed in the State of New York and that he was an employee of Defendant NSA and Defendant Fast Track.

Defendant Fast Track does not dispute that it is a domestic limited liability company and that it maintains or maintained a business at 404 Park Avenue South, 5th Floor, New York, NY 10016.

D. **Uncontested Legal Issues**

There are no legal issues that are not in dispute.

E. **Legal Issues to be Decided by the Court**

Among the legal issues the court will/must decide are:

(1) Did the defendants have a fiduciary duty to E*TRADE?

(2) Were the defendants obligated to pay the funds at issue in accordance with E*TRADE's instructions?

(3) Did the defendants owe a duty to E*TRADE to ensure that the funds to be dispersed were present in the accounts upon which checks were drawn?

(4) Did the defendants owe a duty to E*TRADE to ensure that all necessary checks were drawn and delivered to the designated payees in conjunction with the loan closings?

(5) Did the defendants have a duty as title agents for E*TRADE to ensure that title to the subject properties was free and clear of all encumbrances, including mortgages that were to have been paid off with the funds loaned by E*TRADE to its borrowers?

(6) What ramifications do Defendant Rachel Leff's bankruptcy, the anticipated bankruptcies of Defendants Stephen Leff and NSA, and the defaults have on the pending matter?

(7) Are the allegations in Plaintiffs' Complaint sufficiently pled to sustain a cause of action against Defendants?

(8) Is Fast Track the alter ego of NSA?

F. **Statement of Material Disputed Facts**

E*TRADE entered into various loan agreements with its customers to fund residential mortgages. In connection with the funding of these mortgages, NSA acted as the closing agent and Fast Track acted as the title agent. E*TRADE deposited funds into one or more escrow account(s) under the control of the defendants. All of the individual defendants were affiliated with the corporate defendants, and with each other, and were the alter egos of each other. Defendant Stephen Leff stole the money that E*TRADE deposited into the escrow account or accounts, and the other individual defendants either actively assisted him in doing so, or were negligent in allowing him to do so. As such they breached their fiduciary duties to E*TRADE as closing agents, and their obligations as title agents to make sure that all encumbrances were removed from the properties before title policies were issued.

Richard A. Leff denies all purported facts alleged in the complaint other than the facts that he is an attorney and was an employee of NSA and Fast Track.

Fast Track denies all purported facts alleged in the Complaint other than those set forth in Paragraph 4 of the Complaint. Defendant Fast Track does not dispute that it is a domestic limited liability company and that it maintains or maintained a business at 404 Park Avenue South, 5th Floor, New York, NY 10016.

G. **Legal Basis of Each Cause of Action**

Among the bases for the causes of action E*TRADE asserts are common law principles including, but not limited to, the following: (1) Beach of contract, see e.g., Ruben H. Donnelley Corp. v. Mark I Marketing Corp., 893 F.Supp. 285, 290 (S.D.N.Y. 1995); (2) Conversion, see e.g., Employers' Fire Ins. Co. v. Cotten, 245 N.Y. 102, 105 (1927); (3) Breach of fiduciary duty, see e.g., Cramer v. Devon group, Inc., 774 F.Supp. 176, 184 (S.D.N.Y. 1991); (4) Fraud, see e.g., New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 318 (1995); (5) Negligence, see e.g., Becker v. Schwartz, 46 N.Y.2d 401, 410 (1978); (6) Unjust enrichment, see e.g., Wiener v. Lazard Freres & Co., 241 A.D.2d 114 (1st Dep't 1998); (7) Money had and received, see e.g., Parsa v. State of New York, 64 N.Y.2d 143, 148 (1984).

H. **Defenses**

Legal Basis for Richard A. Leff's Defenses:

    1.    The Plaintiff's Complaint fails to state a cause of action for which relief may be granted against Richard A. Leff. Rule 12(b)(6)

    2.    Richard A. Leff is not liable for the acts or omissions of third persons or entities over which he exercised no direction or control. See Pulka v. Edelman, 40 N.Y.2d 781, 786, 390 N.Y.S.2d 393, 397, 358 N.E.2d 1019, 1022 (1976); Purdy v. Public Adm'r of County of Westchester, 72 N.Y.2d 1, 8, 530 N.Y.S.2d 513, 516, 526 N.E.2d 4, 7 (1988).

3. The Plaintiff's purported breach of contract claim must be dismissed pursuant to the Statute of Frauds. N.Y. Gen. Oblig. Law § 5-701(a)(1)

4. Richard A. Leff owed no duty of care to Plaintiff and was not the proximate cause of the Plaintiff's alleged damages. See Akins v. Glens Falls City School Dist., 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981); Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006); Cramer v. Devon Group, Inc., 774 F. Supp. 176, 184–185 (S.D.N.Y. 1991).

5. The Plaintiff's Complaint fails to comport with Rule 9(b) and should be dismissed.

6. The Plaintiff's Complaint fails to establish that Richard A. Leff's conduct fell below the applicable standard of care.

7. The Plaintiff's Complaint fails to join persons needed for just adjudication. Rule 12(b)(7); Rule 19.

8. The Plaintiff's Complaint fails to establish actionable damages resulting from Richard A. Leff's alleged acts/omissions. Akins v. Glens Falls City School Dist., 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981).

9. Richard A. Leff never exercised dominion and control over of the missing funds, nor did he exclude Plaintiff from exercising its rights over the funds. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403–04 (2d Cir. 2006).

10. Richard A. Leff never made any misrepresentation or omission of fact to plaintiff with knowledge of its falsity and the intent to defraud. See Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006).

11.     Richard A. Leff was never in possession of the missing funds and, therefore, was never enriched by any of the funds, not did he ever enjoy any portions of those funds for his own personal use.  See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004).

12.     Richard A. Leff was never in possession of missing funds nor did he ever have authority or control over the direction of those funds.  See Parsa v. State, 64 N.Y.2d 143,  148, 485 N.Y.S.2d 27, 29–30, 474 N.E.2d 235, 237–238 (1984).

Fast Track's Defenses

1.      The Plaintiffs' Complaint fails to state a cause of action for which relief may be granted against Defendant Fast Track Title Agency LLC ("Fast Track"). FED. R. CIV. PRO. 12(b)(6).

2.      Plaintiffs' Complaint fails to plead sufficient facts to show that a cause of action exists against Fast Track.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

3.      Plaintiffs failed to sufficiently allege that Fast Track is the alter ego of NSA.  Zinaman v. USTS New York, Inc., 798 F. Supp. 128 (S.D.N.Y. 1992).

4.      Plaintiffs failed to adequately plead a breach of contract action against Fast Track.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

5.      Plaintiffs fails to establish actionable damages resulting from Fast Track's alleged acts/omissions.  R.H. Damon $ Co. v. Softkey Software Products, Inc., 53 N.Y.2d 325, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981); Kurtzman v. Bergstol, 40 A.D.3d 588, 835 N.Y.S.2d 644 (N.Y. 2007).

6.  Plaintiffs failed to adequately plead a cause of action for conversion against Fast Track. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

7.  Plaintiffs' claim for conversion is duplicative of its allegations for breach of contract and, as a result, should be dismissed. Ad Rendon Communications, Inc. v. Lumina Americas, Inc., No. 04-CV-8832, 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007).

8.  Fast Track was never in possession of missing funds nor did it ever have authority or control over the direction of those funds. Ad Rendon Communications, Inc. v. Lumina Americas, Inc., No. 04-CV-8832, 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007).

9.  Plaintiffs failed to adequately plead a cause of action for breach of fiduciary duty against Fast Track. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

10. Plaintiffs failed to satisfy the pleading standards set forth in Federal Rule of Civil Procedure 9(b), which requires that a cause of action for fraud be pled with specificity. FED. R. CIV. PRO. 9(b).

11. Plaintiffs' fraud claim is duplicative of its breach of contract claim and, as a result, must be dismissed. Sofi Classics S.A. Dec. C.V. v. Horowitz, 444 F. Supp. 2d 231 (S.D.N.Y. 2006).

12. Fast Track never made any misrepresentation or omission of fact to plaintiff with knowledge of its falsity and the intent to defraud. Zaro Licensing, Inc. v. Cinmar, Inc., 779 F. Supp. 276 (S.D.N.Y. 1991).

13. Fast Track never exercised dominion and control over of the missing funds, nor did it exclude Plaintiff from exercising its rights over the funds. Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400 (2d Cir. 2006).

14. Plaintiffs failed to adequately plead a cause of action for negligence. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

15. Because Plaintiffs failed to allege a duty independent of the alleged contract, Plaintiffs claim for breach of contract and negligence cannot both survive. Payday Advance Plus, Inc. v. Find What.com, Inc., 478 F. Supp. 2d 496 (S.D.N.Y. 2007).

16. Plaintiffs failed to adequately plead a cause of action for unjust enrichment. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

17. Fast Track was never in possession of the missing funds and, therefore, was never enriched by any of the funds, nor did it ever enjoy any portions of those funds for its own use. Orange County Choppers, Inc. v. Olaes Enterprises, Inc., 497 F. Supp. 2d 541 (S.D.N.Y. 2007).

18. Plaintiffs' claim for unjust enrichment cannot survive if the claim for breach of contract exists. Sofi Classics S.A. Dec. C.V. v. Horowitz, 444 F. Supp. 2d 231 (S.D.N.Y. 2006).

19. Plaintiffs failed to adequately plead a cause of action for money had and received. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

**I.    Measure and Burden of Proof**

E*TRADE and Defendants Richard A. Leff and Fast Track agree that they should prove their causes of action and affirmative defenses, respectively, by a preponderance of the evidence with the exception of E*TRADE's fraud claim which must be proved by clear and convincing evidence.

**J.    Amendments**

At this juncture, the parties do not foresee the need to amend the pleadings or add additional parties. If the need arises, the parties propose that all amendments be made no later than December 31, 2007. Further, in the event that Fast Track's pending motion to dismiss is granted, E*TRADE requests leave to amend the complaint subsequently. Fast Track intends to contest any requests made by E*TRADE to amend the complaint.

**K.    Proceeding Before a Magistrate Judge**

The parties do not consent to proceed before a magistrate judge.

**L.    Fed. R. Civ. P. 26(a) Disclosures**

The parties agree to make all required disclosures under Fed. R. Civ. P. 26(a)(1) by December 14, 2007. At this time, the parties do not believe that changes should be made to the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a).

**M.    Subject Matter and Deadline for Disclosures**

Among the subjects on which disclosure is needed are: any bank, brokerage or other investment accounts held by any or all defendants, as well as all business interests, including stocks, held in any manner by any or all defendants.  In addition, E*TRADE seeks to trace the disposition of its funds after they were deposited into the escrow account(s) allegedly controlled by the defendants and to determine the business relationship among the defendants, the roles of the individual defendants in the business entities and the ownership and management structure of the business entities.  E*TRADE also seeks to discover whether there is any insurance carried by the defendants to satisfy their liabilities.

Richard A. Leff will seek discovery concerning, among other subjects, any claim or defense being asserted, each and every mortgage transaction at issue, and all communications between Plaintiff and Defendants.

Fast Track will seek discovery concerning, among other subjects, any claim or defense being asserted, each and every mortgage transaction at issue, and all communications between Plaintiff and Defendants.

The parties propose that all discovery be completed by June 1, 2008.

**N.**     **Expert Discovery**

At this time, the parties are unable to determine whether expert evidence is necessary for the resolution of this matter.

**O.**     **Limitations on Discovery**

The parties do not propose any changes or additions to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**P.**     **Settlement**

The parties have discussed settlement. Unfortunately, at this juncture, the parties do not believe that the prospects for settlement are good or that mediation would be fruitful.

**Q.**     **Jury Demand and Duration of Trial**

E*TRADE has demanded a jury trial. The parties anticipate that it will take 10 days to complete a trial.

**R.**     **Other Orders to be Entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c)**

The parties are attempting to work out an agreed protective order for any information they may wish to designate as confidential, such as E*TRADE's clients' social security numbers and addresses.

The parties request that the deadline for filing of dispositive motions be thirty (30) days after the close of fact or expert discovery, whichever occurs later.

Respectfully submitted,

DATED: November 27, 2007

By: /s/ Lisa M. Campisi
    Lisa M. Campisi
    MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, New York 10178
    (212) 309-6000
    *Attorneys for Plaintiffs*

By: _____
    Jonathan B. Bruno
    KAUFMAN BORGEEST & RYAN LLP
    99 Park Avenue, 19th Floor
    New York, New York 10016
    (212) 980-9600
    *Attorneys for Defendant Richard A. Leff*

By: _____
    Carl M. Perri
    CLAUSEN MILLER PC
    One Chase Manhattan Plaza
    New York, New York 10005
    (212) 805-3900
    *Attorneys for Defendant Fast Track Title Agency, LLC*

Respectfully submitted,

DATED: November 27, 2007

By: /s/ Lisa M. Campisi
    Lisa M. Campisi
    MORGAN, LEWIS & BOCKIUS LLP
    101 Park Avenue
    New York, New York 10178
    (212) 309-6000
    *Attorneys for Plaintiffs*

By: _____
    Jonathan B. Bruno
    KAUFMAN BORGEEST & RYAN LLP
    99 Park Avenue, 19th Floor
    New York, New York 10016
    (212) 980-9600
    *Attorneys for Defendant Richard A. Leff*

By: [signature] 11-28-08
    Carl M. Perri
    CLAUSEN MILLER PC
    One Chase Manhattan Plaza
    New York, New York 10005
    (212) 805-3900
    *Attorneys for Defendant Fast Track Title Agency, LLC*