UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

E\*TRADE SAVINGS BANK and
E\*TRADE MORTGAGE CORPORATION

        Plaintiffs,

   -against-

NATIONAL SETTLEMENT AGENCY, INC.;
FAST TRACK TITLE AGENCY LLC;
STEVEN M. LEFF; RACHEL M. LEFF; and
RICHARD A. LEFF,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07-CV-8065 (LTS)(GWG)

**DEFENDANT FAST TRACK TITLE AGENCY LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, FAST TRACK TITLE AGENCY (hereinafter "Fast Track"), by and through its attorneys, CLAUSEN MILLER P.C., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this Reply in Support of its Motion to Dismiss Plaintiffs' Complaint.

## INTRODUCTION

Plaintiffs' Complaint fails to adequately plead sufficient facts to plausibly show that a cause of action exists against Fast Track. First, Plaintiffs improperly fail to plead beyond a speculative level that a cause of action exists against Fast Track. Plaintiffs cannot ignore the Supreme Court precedent in *Bell Atlantic*. Second, perhaps recognizing the inadequacy of their Complaint, Plaintiffs set forth additional facts in the Response that are noticeably absent from the Complaint. Plaintiffs' failure to allege anything more than bald, conclusory statements in support of their alter ego theory of liability against Fast Track dooms their claim. Finally, Plaintiffs' state law claims are deficient for various reasons. Accordingly, Fast Track respectfully requests that Plaintiffs' Complaint be dismissed in its entirety.

1158834.1

**ARGUMENT**

I.    **Under Supreme Court Precedent, Plaintiffs' Claim Should Be Dismissed
      Because They Cannot Plausibly State A Claim Against Fast Track**

The plausibility pleading standard set forth in *Bell Atlantic* mandates dismissal of

Plaintiffs' Complaint because it is riddled with speculative, conclusory allegations against Fast

Track.   Plaintiffs concede that *Bell Atlantic* stands for the proposition that a viable complaint

must include "enough facts to state a claim to relief that it is plausible on its face." (Pl. Resp., p.

3, 4); *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65, 1974 (May 21, 2007); *Patane

v. Clark*, No. 06-3446-CV, 2007 WL 4179838, at *3 (2d Cir. Nov. 28, 2007).   Plaintiffs suggest

that the Second Circuit shunned this "plausibility" standard in *Iqbal v. Hasty*, 4890 F.3d 143 (2d.

Cir. June 14, 2007).   To the contrary, the *Iqbal* court upheld the "plausibility" requirement,

noting that a pleader is required to "amplify a claim with some factual allegations in those

contexts where such amplifications are needed to render the claim *plausible.*" *Id.* at 157-58.

In any event, there is ample authority decided after *Iqbal v. Hasty*, 490 F.3d 143 (2d. Cir.

June 14, 2007), which Plaintiffs omit from their Response, that follows *Bell Atlantic's*

plausibility standard.  *See, e.g., Patane v. Clark*, No. 06-3446-CV, 2007 WL 4179838, at *3 (2d

Cir. Nov. 28, 2007) (quoting *Bell Atlantic* and recognizing that "[i]n order to withstand a motion

to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its

face"); *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting

*Bell Atlantic* and noting that "[t]o survive dismissal, the plaintiff must provide the grounds upon

which his claim rests through factual allegations sufficient 'to raise a right to relief above the

speculative level.'").

1158834.1

A.    **This Court and the Second Circuit Apply** *Bell Atlantic's*
**Plausibility Standard**

In an attempt to distract this Court from *Bell Atlantic's* impact on pleading standards,

Plaintiffs argue that *Bell Atlantic* does not impose a "heightened pleading standard" throughout

their Response. In its Opening Brief, Fast Track did not quote the holding of *Bell Atlantic* as

requiring a "heightened pleading standard" but merely set forth the language used by the

Supreme Court for pleading standards as requiring enough facts to state a claim that is *plausible.*

*Bell Atlantic*, 127 S. Ct. at 1974.

As the Second Circuit and other cases from this Court have noted as recently as ten days

ago, a complaint's "factual allegations must be enough to raise a right to relief above the

speculative level" and must "nudge the claim across the line from conceivable to plausible" in

order to avoid dismissal. *Bell Atlantic*, 127 S. Ct. at 1974. *See, e.g., McCray v. City of New*

*York*, Nos. 03 Civ. 9685, 03 Civ. 9974, 03 Civ. 10080, 2007 WL 4352748, *10 (S.D.N.Y. Dec.

11, 2007) (citing *Bell Atlantic's* requirement that a complaint's "[f]actual allegations must be

enough to raise a right to relief above the speculative level..."); *Arista Records LLC v. Lime*

*Group LLC*, No. 06 Civ. 5936, 2007 WL 4267190, at *4 (S.D.N.Y. Dec. 3, 2007) (quoting *Bell*

*Atlantic* and *Iqbal* as requiring a party to satisfy a plausibility standard); *Russian Standard*

*Vodka, Inc. v. Allied Domeco Spirits & Wine USA, Inc*, No. 06 Civ. 9915, 2007 WL 4145277, at

*8 (S.D.N.Y. Nov. 20, 2007) (citing *Bell Atlantic* and stating that "[t]he complaint does not need

'detailed factual allegations,' but it must state a 'plausible' basis for recovery that is not based on

'conclusory' or 'speculative' allegations."); *Arias v. U.S.*, No. 05 Civ. 1049, 2007 WL 4157152,

at *5 (S.D.N.Y. Nov. 15, 2007) (citing *Bell Atlantic* and noting that '[f]actual allegations must be

enough to raise a right to relief above the speculative level..."'); *CVC Claims Litig. LLC v.*

*Citicorp Venture Capital Ltd.*, No. 03 Civ. 7936, 2007 WL 2915181, *2 (S.D.N.Y. Oct. 3, 2007)

(citing *Bell Atlantic* and noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level..."); *Crowley v. Visionmaker, LLC*, $12 F. Supp. 2d 144 (S.D.N.Y. Sept. 25, 2007) (quoting *Bell Atlantic* and noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" because "[f]actual allegations must be rnough to raise a right to relief above the speculative level...").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (June 4, 2007), an Eighth Amendment prisoner *pro se* case, does not change *Bell Atlantic's* requirement that a Complaint is required to include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65, 1974 (May 21, 2007). *Erickson* did not alter *Bell Atlantic*'s standard, nor did it bring the *Conley* standard out of its recent retirement. Further, *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), did not alter the plausibility standard set forth in *Bell Atlantic*. In fact, *Iqbal* echoed the "plausibility requirement."

To best resolve the dispute between Fast Track's interpretation of *Bell Atlantic* and Plaintiffs' interpretation of that case, the Court need only look to the actual language of the decision itself. *Bell Atlantic* states that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1964-65, 1974. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Plaintiffs can no longer rely upon "labels and conclusions." In light of the Supreme Court's decision in *Bell Atlantic*, Plaintiffs' bald and conclusory allegations against Fast Track are inadequate to support their claim. *Bell Atlantic* embodies the current pleading standard by which Plaintiffs' Complaint must be viewed. Based on this standard, it is clear that Plaintiffs' Complaint is deficient.

4

1158834.1

**B.    The Second Circuit Recognizes That *Bell Atlantic's* Plausibility Pleading Standard Is Not Limited To Antitrust Cases**

In an attempt to salvage their Complaint, Plaintiffs argue that *Bell Atlantic* only applies to antitrust cases. Plaintiffs seek to ignore the fact that the Second Circuit in *Iqbal v. Hasty*, upon which Plaintiffs heavily rely in their Response, rejected this argument. *See, e.g., Iqbal v. Hasty*, 490 F.3d 143, 157 (2d. Cir. 2007) ("We are reluctant to assume that all of the language of *Bell Atlantic* applies only to section 1 allegations based on competitors' parallel conduct or, slightly more broadly, only to antitrust cases.); *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n. 2 (2d Cit. 2007) ("We have declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases.).

Further, this Court has applied the *Bell Atlantic* plausibility standard in cases alleging the same causes of action that are set forth in Plaintiff's Complaint. *See, e.g., CVC Claims Litig. LLC v. Citicorp Venture Capital Ltd.*, No. 03 Civ. 7936, 2007 WL 2915181, at *2 (S.D.N.Y. 2007) (citing *Bell Atlantic's* plausibility standard in a suit alleging breach of fiduciary duty); *Crowley v. Visionmaker, LLC*, 512 F. Supp. 2d 144, 151 (S.D.N.Y. 2007) (citing *Bell Atlantic's* plausibility standard in a suit alleging, among other claims, breach of contract and unjust enrichment); *Richards v. AXA Equitable Life Ins. Co.*, No. 06 Civ. 4744, 2007 WL 3084968 (S.D.N.Y. Oct. 22, 2007) (citing *Bell Atlantic's* plausibility standard in suit alleging breach of contract, unjust enrichment, and fraud claims). As a result, this argument is of no moment.

**II.    Plaintiffs' Bare, Conclusory Allegations Are Insufficient To Impose Liability On Fast Track Under An Alter Ego Theory**

Perhaps recognizing the inadequacy of their Complaint, Plaintiffs attempt to bolster the allegations in their Complaint with additional facts in their Response. This cannot salvage their Complaint. For example, Plaintiffs argue that "[g]iven the close unity and joint nature of these

1158834.1

two companies and three family members, Steven Leff, Rachel Leff, and Richard Leff essentially acted as closing agents *and* as title insurance agents via their corporations." (Pl. Resp., p. 2). Nowhere in Plaintiffs' Complaint do they allege that "the two companies were able to abscond with E*Trade's money because they were the alter egos of one another." (Pl. Resp., at p. 12).

Courts typically look to ten factors to apply the alter ego theory. *See Camofi Master LDC v. College Partnership*, 452 F. Supp. 2d 462, 472 (S.D.N.Y. 2006). None of these factors include relation by blood and/or marriage. Merely setting forth one blanket, conclusory statement that NSA and Fast Track "are the alter ego of the other ..." in the Complaint is not sufficient to support an alter ego theory. In their Response, Plaintiffs tacitly concede that they do not have sufficient factual support for their alter ego allegations. (Pl. Resp., p. 12-13).

As to the second prong of the alter ego test, Plaintiffs failed to provide any evidence that Fast Track committed fraud. Plaintiffs do not address Fast Track's argument that there is no evidence that Fast Track committed fraud. Plaintiffs must do more than set forth conclusory allegations of fraud in their Complaint.

Plaintiffs' reliance on *Local 812 GIPA v. Canada Dry Bottling Co. of New York*, 1999 WL 301682 (S.D.N.Y. 1999), to justify its bare alter ego allegations is misplaced. Plaintiffs' argument is based on the fact that *Local 812* distinguishes *Old Republic Insurance Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361 (S.D.N.Y. 1997). This lends support to Fast Track's argument, because the alter ego allegations in Plaintiffs' Complaint mirror the allegations in *Old Republic*, not *Local 812*. In *Old Republic*, the extent of the alter ego allegations consisted of: "[u]pon information and belief, each of the...defendants which presently exist is an *alter ego* and/or successor corporation to those...defendants that have been dissolved or terminated." *Id.* at 375. Similarly, in this case, Plaintiffs' alter ego allegations consist of one sentence that: 1) is

6

based "upon information and belief"; 2) lumps together an undifferentiated group of defendants; 3) fails to identify a parent corporation; 4) fails to allege which entity controlled the other; and 5) fails to identify which entity committed the alleged wrongs.

To the contrary, in *Local 812*, the Court determined that the alter ego allegations were sufficient because they alleged many facts: 1) that "Canada Dry and Manhattan Beer have substantially similar ownership"; 2) that "Manhattan Beer is engaged in the same business as Canada Dry"; 3) that "Manhattan Beer has the same or similar customers as Canada Dry for the distribution of beer"; 4) that MBD "began employing the services of several management employees, supervisors, and salespeople previously employed by Canada Dry and began using equipment...which [is] or [was] owed by Canada Dry"; and 5) that Canada Dry's actions were motivated by an intent to avoid its union obligations." *Id.* at *8. This is substantially more than the mere conclusory allegations set forth in Plaintiffs' Complaint.

Plaintiffs also argue that Fast Track is "'simply wrong' to say that alter ego status cannot be alleged 'on information and belief.'" (Pl. Resp., p. 12). However, as this Court recognized in *Local 812*, this is not the case when the claim is subject to a higher pleading standard or when the complaint contains a conclusory allegation of alter ego status. *Local 812*, at *8. In this case, both factors exist. Not only does Plaintiffs' alter ego theory depend on one, conclusory allegation, but the Complaint alleges fraud, which is subject to a heightened pleading standard. *See* Federal Rule of Civil Procedure 9(b); *Old Republic Ins. Co. v. Hansa World Cargo Serv. Inc.*, 170 F.R.D. at 376 (S.D.N.Y. 1997) ("Rule 9(b) imposes upon a plaintiff a heightened level of pleading..."). Therefore, it is clear that Plaintiffs are "simply wrong" about the sufficiency of their alter ego theory. The failure to adequately allege liability under an alter ego theory, coupled with Plaintiffs' speculative allegations, requires dismissal of Plaintiffs' Complaint.

### III.    The Individual Claims In Plaintiffs' Complaint Must Be Dismissed

An "alternative pleading must conform to the requirements of Rule 11." *Kwan v. Schlein*, No. 05 Civ. 0459, 2007 WL 3071803, at *4 (S.D.N.Y. Oct. 23, 2007). "A party should not set forth inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims or defenses or is otherwise justified in pleading in this fashion and the pleader can represent that he is not doing so for an improper purpose." *Id.* "[E]ach alternative theory must itself be sufficient to state a claim, and '[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id., citing Bell Atlantic*, 127 S. Ct. at 1965. Plaintiffs' causes of action fail to meet this standard.

### A.    Plaintiffs' Breach of Contract Claim Is Inadequate

Plaintiffs do not dispute that their breach of contract action is nothing more than a recitation of the elements for breach of contract. This is insufficient under *Bell Atlantic*. *See Bell Atlantic*, 127 S. Ct. 1964-65. The complaint lacks the factual allegation necessary to "nudge their claims across the line from conceivable to plausible." *Id.* at 1974.

### B.    Plaintiffs' Conversion Claim Is Duplicative of Their Contract Claim

In addition to failing to meet *Bell Atlantic's* plausibility standard, Plaintiffs' conversion claim must be dismissed because it is based on the same facts as the underlying contract claim. This Court is clear that when a tort cause of action is based upon the same facts underlying a contract claim, dismissal is appropriate because it is a duplication of the contract cause of action. *See Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) ("A conversion claim may only succeed if the party alleges a wrong but is distinct from any

1158834.1

contractual obligations."). Plaintiffs concede that their conversion claim is not distinct from any of the contractual obligations. As a result, the conversion claim must be dismissed.

### C.    Plaintiffs' Breach of Fiduciary Duty Claim Is Inadequate

Continuing its pattern of relying on conclusions and reciting formulas, Plaintiffs argue that their breach of fiduciary duty claim is "properly pled." (Pl. Resp. at p. 16). However, setting forth a formula of the cause of actions elements is insufficient under *Bell Atlantic*.

### D.    Plaintiff's Fraud Claim Must Be Dismissed

Plaintiffs' fraud claim is insufficient because they have failed to allege that NSA and Fast Track are alter egos of one another. *See Old Republic Insurance Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361 (S.D.N.Y. 1997). Therefore, the insider-affiliate exception does not salvage their claims. Even if the insider-affiliate exception were applicable here (which it is not), Plaintiffs' allegations are still insufficient.

*Nationwide Cellular Service, Inc. v. Am. Mobile*, 1991 WL 233284 (S.D.N.Y. 1991), is distinguishable because it states that the fact that the complaint occasionally attributes misrepresentations to "the defendants" without distinguishing between the perpetrators of fraud is not fatal. *Id.* at *6. Here, Plaintiffs' Complaint never distinguishes between Defendants and, instead, refers to them collectively.

Under Rule 9(b), each defendant must be provided with notice with the claims against it. *Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 582 (S.D.N.Y. 1989). None of the fraud allegations are specifically directed against Fast Track, so Fast Track is not sufficiently informed of the alleged cause of action against it. As the Second Circuit has made clear, "where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio*

9

*v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1347 (2d Cir. 1987). Further, they do not

address Fast Track's argument that the fraud claim is duplicative of the breach of contract claim.

### E.    Plaintiffs' Negligence Claim Cannot Survive

In response to Fast Track's argument for dismissal of the negligence claim, Plaintiffs

provide a two-sentence response. Plaintiffs' negligence count simply regurgitates the elements

of a negligence claim under New York law which is insufficient under *Bell Atlantic*.

### F.    Plaintiffs' Unjust Enrichment Claim Is Insufficient

Plaintiffs struggle to find support for their unjust enrichment claim by misstating Fast

Track's argument. In the Complaint, Plaintiffs have failed to allege that a contract with Fast

Track exists. Therefore, because Plaintiffs' Complaint is deficient, Fast Track has not yet had

the opportunity to argue about the existence of a contract. (Pl. Resp. 18-19). The pleading

deficiencies in Plaintiffs' Complaint offer no support to their argument.

### G.    Plaintiffs' Claim For Money Had And Received Must Be Dismissed

Plaintiffs' cause of action is insufficient because it fails to allege a direct claim against

Fast Track. In addition, Plaintiffs' claim for money had and received merely regurgitates the

elements of the cause of action, which requires dismissal under *Bell Atlantic*.

### CONCLUSION

WHEREFORE, Fast Track Title Agency, LLC respectfully requests that this Court

dismiss the Plaintiffs' Complaint in its entirety with prejudice.

*/s/Carl M. Perri*_____

Carl M. Perri
Clausen Miller P.C.
One Chase Manhattan Plaza, 39th Floor
New York, NY 10005
Telephone: 212/805-3958
Attorneys for Defendant Fast Track Title Agency LLC

1158834.1

## CERTIFICATE OF SERVICE

On December 21, 2007, I electronically filed the foregoing with the Clerk of the Court

using the ECF system, which will send notification of such filing to the following:

Kelly A. Moore, Esq.
Lisa M. Campisi, Esq.
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178

Jonathan B. Bruno
Kaufman Borgeest & Ryan LLP
99 Park Avenue, 19th Floor
New York, NY 10016

Lawrence F. Morrison, Esq.
220 East 72nd Street, 25th Floor
New York, NY 10021

Michael L. Soshnick, Esq.
190 Willis Avenue, Suite 112
Mineola, NY  11501

By:  /s/ Carl M. Perri
     Carl M. Perri
     Clausen Miller P.C.
     One Chase Manhattan Plaza
     39th Floor
     New York, NY 10005
     Telephone:  212/805-3958
     cperri@clausen.com

1158834.1