# ReedSmith

Wallace Neel
Direct Phone: 212.521.5452
Email: wneel@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450

February 11, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 1 3 2008

BY FAX 212-805-0424

The Honorable Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  E*Trade Savings Bank et ano v. National Settlement Agency Inc. et al., No 07-cv-8065 (LTS/GWG)

Dear Judge Swain:

We represent Plaintiffs E*Trade Savings Bank and E*Trade Mortgage Corporation (together, "Plaintiffs") in the above-referenced action. We write to ask the Court to convene a conference regarding whether this action is or should be stayed as against defendant Rachel M. Leff, who has filed for bankruptcy protection.

On February 1, 2008, the Court granted Plaintiffs' Application to File Amended Complaint and ordered that the proposed Amended Complaint—which includes Ms. Leff as a named defendant—be filed "within 14 days of the date of this Order." Thus, the Amended Complaint must be filed by no later than Friday, February 15, 2008.

However, defendant Rachel M. Leff has now filed a petition for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York in an action captioned *In re Rachel M. Leff*, Case No. 8-07-74601-dte. Accordingly, pursuant to 11 U.S.C. § 362(a)(1), Ms. Leff's petition "operates as a stay of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor."

Plaintiffs face two directives that are fundamentally at odds. On one hand, Plaintiffs must file the Amended Complaint (which names Ms. Leff as a defendant) by no later than this Friday. On the other hand, plaintiffs risk possible sanctions under the Bankruptcy Code if they file the Amended Complaint while Ms. Leff is protected by the automatic stay.

Plaintiffs therefore request a conference to confirm that the instant action is stayed as against Ms. Leff, such that the filing of the Amended Complaint will not run afoul of the automatic stay.

Pursuant to Paragraph 2.A. of Your Honor's Individual Practices, Plaintiffs' counsel attempted to contact Ms. Leff's bankruptcy counsel in an effort to have the stay voluntarily lifted, but said bankruptcy counsel could not be reached.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

Copies ~~faxed~~ mailed _Wallace Neel, Esq._ w/ request to forward
Chambers of Judge Swain          to counsel of record 2/13/08

The Honorable Laura T. Swain  
February 11, 2008  
Page 2

**ReedSmith**

Plaintiffs thank the Court for its time in consideration of this matter.

Respectfully submitted,

Wallace Neel

WN:eg

cc: Lisa M. Campisi, Esq.  
Harvey R. Herman, Esq.  
Jonathan B. Bruno, Esq.  
Carl M. Perri, Jr., Esq.

(All by fax)

In that Mr Leff's bankruptcy proceeding appears to be ongoing and the Court has not been informed of any relevant grant of relief from the 11 USC §362 automatic stay, the stay of this case as against defendant Rachel Leff, as recognized in this Court's November 30, 2007, memorandum endorsement (docket entry #30) and December 3, 2007, minute entry, remains in effect. There is no need for a conference concerning this matter.

SO ORDERED.

2/13/08

LAURA TAYLOR SWAIN  
UNITED STATES DISTRICT JUDGE