USDC SDNY
DOCUMENT
ELECTRONIC...
DOC #: _____
DATE FILED: 3/6/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
E*TRADE SAVINGS BANK; and
E* TRADE MORTGAGE CORPORATION,

                     Plaintiffs,

             -against-

NATIONAL SETTLEMENT AGENCY, INC.; FAST
TRACK TITLE AGENCY LLC; STEVEN M. LEFF;
RACHEL M. LEFF; AND RICHARD A. LEFF,

                    Defendants.
------------------------------------------------------------------- x

**07-CV-8065 (LTS)(GWG)**

**PROTECTIVE ORDER
ON CONSENT**

    **IT IS HEREBY STIPULATED AND AGREED,** by and among counsel for the parties, that:

    1.    This Protective Order On Consent is entered in order to expedite the flow of discovery materials, to adequately protect material entitled to be kept confidential, to facilitate the prompt resolution of disputes over confidentiality, and to govern the treatment of inadvertently produced attorney-client, work product, or otherwise privileged material.

    2.    Any party or third party witness or entity in this action ("designating party") shall have the right to designate as "confidential" any document, information, or other form of evidence or discovery the designating party believes, in good faith, embodies, contains, or reflects confidential or proprietary information ("Confidential Discovery Material"). Such documents or things may be designated confidential by placing a clearly legible "confidential" stamp on the document or thing to be so designated. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced, made, or exchanged. The designating party may also redact from documents social security numbers and other private financial information belonging to non-parties, subject

to the right of the receiving party to challenge the redaction, as provided herein. Any party, upon receiving notice of third-party subpoena, may designate any documents or things returned, or to be returned, pursuant to that subpoena, as Confidential Discovery Material.

3.      All Confidential Discovery Material, and any information derived therefrom, shall be used solely for the purpose of prosecuting and defending against this litigation and shall not be disclosed except to Qualified Persons or as otherwise provided herein.

4.      "Qualified Person" means:

(a)      Attorneys of record and attorneys designated as of counsel in this litigation and employees of such attorneys to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

(b)      Inside counsel of a party working directly on the litigation, including legal staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

(c)      Counsel or other representatives of an insurer paying for the defense or prosecution of the matter to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

(d)      Testifying and non-testifying expert witnesses, and such other independent persons retained by counsel to furnish technical or expert services, provided such persons have reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order;

(e)      The agents and the employees of the parties to whom it is necessary that Confidential Discovery Material be disclosed or shown for purposes of this litigation, provided

693955                                                     2

such persons have reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order;

(f)     Trial witnesses to whom it is necessary that Confidential Discovery Material be disclosed or shown as reasonably necessary to their preparation or as necessary for use at trial, provided such persons have reviewed this order and signed a copy of the Non-Disclosure Agreement attached to this Order;

(g)     Named authors and indicated recipients of the materials;

(h)     Court reporters employed in connection with this matter;

(i)     The Court and any employees of the Court providing assistance in connection with this action;

(j)     Jurors sitting at the trial of the action;

(k)     Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties.

5.     Nothing in this Protective Order shall limit the right of a party to use or disclose documents or information that: (a) was lawfully in its possession prior to its receipt in discovery in this action; (b) was, is, or becomes public knowledge, not in violation of this Order; (c) becomes declassified under this Order; (d) is required to be produced, used, or disclosed pursuant to a discovery request, subpoena, or order in another action or proceeding; (e) is required to be produced, used, or disclosed pursuant to regulatory or other legal requirements; or (f) is required to be produced, used, or disclosed as otherwise required by law; provided, however, that before any disclosure is made under sections (d)-(f) above, advance notice shall be given to the party that produced the Confidential Discovery Material, except to the extent that such notice is prohibited by law, so as to enable that party to seek to object to disclosure.

6.     Counsel may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Discovery Material and examine the witness concerning such Confidential Discovery Material, provided that: (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; (b) the witness has reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order; and (c) no persons are present during those portions of the examination concerning Confidential Discovery Material except the witness, Qualified Persons, Defendant's and Plaintiff's counsel, persons properly present at the request of Defendants or Plaintiff or their counsel, and a court reporter. By executing the Non-Disclosure Agreement and agreeing to be bound by the terms of this Order, the witness does not thereby become a "Qualified Person" as that term is defined herein, and instead is only permitted access to confidential documents or information during examination. Counsel for both parties will insure that witnesses under their control will sign a Non-Disclosure Agreement, as appropriate.

7.     Any party which finds it necessary to file in the public record of this action any documents or information which have been designated Confidential shall be permitted to do so to the extent the party uses its best, good faith efforts under the circumstances to file those documents or information in a manner that will not lead to disclosure of the confidential information sought to be protected, such as by redaction or filing under seal, subject to the right of any other party to challenge such efforts.

8.     It is not a violation of the terms of this Order to offer any Confidential Discovery Material as evidence at a trial or appeal of the matter herein. Likewise, this Order does not limit or preclude a party from making application to the Court to maintain the confidentiality of evidence proffered or admitted at trial on a case-by-case basis.

9.      The inadvertent or unintentional disclosure in this litigation by a party or non-party of its own designated Confidential Discovery Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information.

10.     A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, at which time the party claiming confidentiality must satisfy the burden of showing good cause for confidential designation. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information or document is, or is not, in fact Confidential Discovery Material.

11.     The inadvertent production of any document or thing that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other privilege or immunity shall not constitute a waiver of the applicable privilege either generally or as to the specific document, provided that the party or non-party that made the inadvertent production, within the earlier of 15 calendar days of being put on notice of such inadvertent production or within 15 calendar days of discovering the inadvertent production, notifies all counsel in writing that the document or thing was inadvertently produced. Upon receiving such

notice, the recipient of the inadvertently produced document or thing will promptly return all copies of the document or thing in its possession, custody or control, delete all versions of the document or thing on any database it maintains, and make no use of the information contained in the document or thing. Nothing herein shall limit or prevent the recipient of inadvertently produced privileged documents or things from challenging the privilege of such documents or things in accordance with the Federal Rules of Civil Procedure, as if such privileged documents or things had been withheld and described as privileged in accordance with the Federal Rules of Civil Procedure.

12.     Unless the Court orders otherwise, or the parties hereto agree in writing otherwise, within forty-five (45) days after the conclusion of this litigation, including any appeals, all originals and reproductions of any documents or materials which have been designated and remain Confidential pursuant to this Order, including, without limitation, any notes, summaries, or other transcripts made therefrom, shall be returned to the producing party or non-party, unless such copies have been destroyed and the destruction thereof can be certified by counsel for the party previously in possession of such Confidential Discovery Material. The receiving party shall not make copies of the Confidential Discovery Material, except as necessary for the conduct of the litigation; however, the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Order. Insofar as this Order restricts the communication and use of the Confidential Discovery Material, the Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the designating party, or further order of the Court, with respect to dissolution or modification of this Order, or any provision thereof. *This provision does not bind the Court.*  /GWG/

designating party, or further order of the Court, with respect to dissolution or modification of this

Order, or any provision thereof.

13.    In the event that any party shall violate or threaten to violate the terms of this

Order, the aggrieved party may immediately apply to the Court for injunctive relief against any

such violation.  The parties and any other persons subject to the terms of this Order agree that

this Court shall retain jurisdiction over them for the purpose of enforcing this Order,

notwithstanding any subsequent disposition of this action.

**REED SMITH LLP**
Attorneys to Plaintiffs

By: _____
Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

**KAUFMAN BORGEEST & RYAN LLP**
Attorneys to Defendant Richard A. Leff

By: _____
Jonathan B. Bruno
99 Park Avenue, 19th Floor
New York, NY 10016
(212) 980-9600

**CLAUSEN MILLER**
Attorneys to Defendant Fast Track Title
Agency LLP

By: _____
Carl Perri, Esq.
One Chase Manhattan Plaza
New York, New York 10005
(212) 805-3958

SO ORDERED: _____
Laura Taylor Swain
United States District Judge

DATED:

13.    In the event that any party shall violate or threaten to violate the terms of this Order, the aggrieved party may immediately apply to the Court for injunctive relief against any such violation.  The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

**REED SMITH LLP**
Attorneys to Plaintiffs

By: _____
Wallace B. Neel (WN 0038)
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

**KAUFMAN BORGEEST & RYAN LLP**
Attorneys to Defendant Richard A. Leff

By: _____
Jonathan B. Bruno
99 Park Avenue, 19th Floor
New York, NY 10016
(212) 980-9600

SO ORDERED: _____ DATED: 3/6/2008
Laura Taylor Swain
United States District Judge

Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
E*TRADE SAVINGS BANK; and             :
E* TRADE MORTGAGE CORPORATION,  :
                                       :    **07-CV-8065 (LTS)(GWG)**
                Plaintiffs,       :
                                         :    **NON-DISCLOSURE**
         -against-          :    **AGREEMENT**
                                         :
NATIONAL SETTLEMENT AGENCY, INC.; FAST  :
TRACK TITLE AGENCY LLC; STEVEN M. LEFF;  :
RACHEL M. LEFF; AND RICHARD A. LEFF,    :
                                       :
                Defendants.     :
--------------------------------------------------------------- X

I _____, acknowledge that I have read and understand the Protective Order on Consent in this action governing the non-disclosure of Confidential Discovery Material and that I agree to be bound thereby. I agree that I will not disclose such Confidential Discovery Material to anyone other than as provided in the Protective Order on Consent and that at the conclusion of the litigation I will return all Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order on Consent, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order on Consent could subject me to punishment for contempt of Court.

Dated: _____        _____