**EXHIBIT B**

REED SMITH LLP
Wallace B. Neel (WN 0038)
David E. Weiss (*pro hac vice* application to be filed)
599 Lexington Avenue
New York, New York 10022
212-521-5400

*Attorneys for Plaintiffs E\*TRADE Savings Bank
and E\*TRADE Mortgage Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
E*TRADE SAVINGS BANK; AND            :
E*TRADE MORTGAGE CORPORATION,
                                     :
            Plaintiffs,                  Case No. 07-CV-8065 (LTS/GWG)
                                     :
    -against-
                                     :   **AMENDED COMPLAINT**
NATIONAL SETTLEMENT AGENCY, INC.;        **(WITH JURY DEMAND)**
FAST TRACK TITLE AGENCY LLC.;        :
STEVEN M. LEFF; RACHEL M. LEFF; AND
RICHARD A. LEFF,                     :

            Defendants.              :
------------------------------------- x

Plaintiffs, by their attorneys, for their complaint, allege as follows:

## PARTIES

1.      Plaintiff E*TRADE Savings Bank ("E*TRADE Savings") is a federally chartered savings bank, maintaining its home office at 671 N. Glebe Road, Arlington, VA 22203.

2.      Plaintiff E*TRADE Mortgage Corporation ("E*TRADE Mortgage") is a Virginia Corporation with its principal place of business at 353 Michelson Drive, Irvine, CA 92612. Plaintiffs E*TRADE Savings and E*TRADE Mortgage are collectively referred to herein as "E*TRADE".

3.      Defendant National Settlement Agency, Inc. ("NSA") is a domestic business corporation, and upon information and belief, maintains or maintained a principal place of business at 404 Park Avenue South, 5th Floor, New York, NY 10016 and also did or does

business out of 575 Madison Avenue, Suite 1006, New York, NY 10022 and 15 Anvil Ct. 15, East Hampton, NY 11937.

4.     Defendant Fast Track Title Agency, LLC, ("Fast Track") is a domestic limited liability company, and upon information and belief, maintains or maintained a principal place of business at 404 Park Avenue South, 5th Floor, New York, NY 10016. Upon information and belief, Defendant Richard A. Leff is a 10% owner of Fast Track. Mr. Leff resides at 10 Park Road, Short Hills, New Jersey 07078. Upon further information, based on Defendant Fast Track Title Agency LLC's Supplemental Statement of Citizenship, which is incorporated herein by reference, a trust known as RSSR owns 90% of Fast Track, and its beneficiaries reside either in Florida or New York.

5.     Upon information and belief, E*TRADE alleges that defendants NSA and Fast Track have such a unity of interest and ownership that they are each the alter ego of the other, and liable for each others' conduct. Defendant Steven M. Leff is an individual and, upon information and belief, is the president of NSA, and an officer and employee of Fast Track, and maintains a principal residence at 15 Anvil Ct. 15, East Hampton, NY 11937. Upon information and belief, Steven Leff is a beneficiary of the RSSR trust which owns 90% of Fast Track.

6.     Defendant Rachel M. Leff is an individual and, upon information and belief, is or during the relevant time period was the chief executive officer of NSA, as well as an officer and employee of Fast Track, and is the wife of Steven M. Leff, and maintains a principal residence at 15 Anvil Ct. 15, East Hampton, NY 11937. Upon information and belief, Rachel Leff is a beneficiary of the RSSR trust which owns 90% of Fast Track.

7.     Defendant Richard A. Leff is an individual and, upon information and belief, is an attorney licensed in the State of New York, and an employee and officer of both NSA and Fast Track, and the brother of Steven M. Leff, and resides at 10 Park Road, Short Hills, NJ 07078. Upon information and belief, Richard Leff owns 10% of Fast Track.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this matter under 28 U.S.C. §1332(a) because E*TRADE Savings is a citizen of the State of Virginia pursuant to 12 U.S.C. §§ 1462(5) and 1464(x), E*TRADE Mortgage is a citizen of Virginia and California pursuant to 28 U.S.C §1332(c)(1), and the defendants are citizens of New York and/or Florida; and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue in this court is proper under 28 U.S.C. §1291(a).

## FACTUAL BACKGROUND

10. E*TRADE is in the business of, among other things, funding residential mortgages.

11. In connection with the funding of certain mortgages in the spring and summer of 2007, defendants Steven Leff, Rachel Leff, Richard Leff and NSA acted as closing agents.

12. In connection with the same mortgage transactions, upon information and belief, defendants Steven Leff, Rachel Leff, Richard Leff and Fast Track acted as title insurance agents.

13. Defendants, acting as closing agents, had the legal obligation, at the time of the closing of each loan, to disburse to E*TRADE's borrowers and other payees, according E*TRADE's closing instructions, the specific funds that E*TRADE had wired in trust to certain escrow accounts maintained by NSA. As title insurance agents, defendants had the obligation to place title insurance, and to ensure that the loans provided by E*TRADE would not be subordinate to any other loans on the subject properties at the time of closing. As alleged above, NSA and Fast Track are each alter egos of the other by virtue of their common ownership and unity of interest.

14. In the spring and summer of 2007, upon information and belief, defendants converted more than $2.5 million of E*TRADE's funds that had been wired into escrow accounts for defendants to disburse or cause to be disbursed to E*TRADE's borrowers and other designated payees at several mortgage closings. Rather than disburse the funds as required, defendants secreted all or a portion of the loan proceeds for their own personal uses, to the detriment of E*TRADE. Upon information and belief, a criminal complaint has been filed against defendant Steven M. Leff who has been charged with embezzlement arising from his activities, in part, in connection with the matters alleged herein.

15. E*TRADE was forced to make good on the loans, satisfy other obligations of its borrowers that went unpaid, and incur legal and other expenses in order to address the issues caused by defendants. E*TRADE's total losses from defendants' wrongful conduct exceed $3,007,914.65, plus prejudgment interest.

16. The loans affected by defendants wrongful conduct are as follows:

(a) Loan No. EM#####18073 in the original amount of $175,000 (E*TRADE's loss relating to this loan is $135,906.86);

(b) Loan No. ES#####6001 in the original amount of $630,900 (E*TRADE'S loss relating to this loan is $638,974.73);

(c) Loan No. EM#####6035 in the original amount of $455,000 (E*TRADE's loss relating to this loan is $395,563.57);

(d) Loan No. EM#####9021 in the original amount of $160,000 (E*TRADE's loss relating to this loan is $85,077.22);

(e) Loan No. EM#####3102 in the original amount of $395,400 (E*TRADE's loss relating to this loan is $381,119.68);

1-NY/2264087.1

(f) Loan No. EM#####0008 in the original amount of $417,000 (E*TRADE's loss relating to this loan is $389,322.87);

(g) Loan No. EM#####4026 in the original amount of $100,000 (E*TRADE's loss relating to this loan is $102,515.44);

(h) Loan No. EM#####7027 in the original amount of $85,000 (E*TRADE's loss relating to this loan is $75,649.14);

(i) Loan No. EM#####4043 in the original amount of $92,800 (E*TRADE's loss relating to this loan is $14,417.00);

(j) Loan No. EM#####2025 in the original amount of $259,000 (E*TRADE's loss relating to this loan is $263,567.43);

(k) Loan No. EM#####7151 in the original amount of $60,000 (E*TRADE's loss relating to this loan is $328.00);

(l) Loan No. EM#####6070 in the original amount of $780,000 (E*TRADE's loss relating to this loan is $319,022.42);

(m) Loan No. EM#####2002 in the original amount of $548,000 (E*TRADE's loss relating to this loan is $39,516.25);

(n) Loan No. EM#####5122 in the original amount of $428,000 (E*TRADE's loss relating to this loan is $1,070.00);

(o) Loan No. EM#####0030 in the original amount of $270,000 (E*TRADE's loss relating to this loan is $156,714.04);

(p) Loan No. EM#####7052 in the original amount of $90,000 (E*TRADE's loss relating to this loan is $9,150.00).

### FIRST CAUSE OF ACTION
### (Breach of Contract
### Against all Defendants)

17.   E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

18.   Defendants contracted with E*TRADE to act as the closing agents for E*TRADE in connection with the above-specified loan transactions.

19.   Defendants, as part of their contract with E*TRADE, agreed to hold in trust the funds that E*TRADE would wire into the escrow accounts, and to disburse those funds only in accordance with E*TRADE's instructions.

20.   By failing to disburse the funds, and by converting those funds wired to defendants by E*TRADE, defendants breached their contract with E*TRADE.

21.   By reason of this breach, E*TRADE has been damaged in a sum to be proven upon trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

### SECOND CAUSE OF ACTION
### (Conversion
### Against all Defendants)

22.   E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

23.   Upon information and belief, defendants agreed to conduct the closings on the above-referenced loans for E*TRADE, while having no intention to actually close the loans according to E*TRADE's instructions. In addition, as title agents, defendants agreed to ensure that E*TRADE's loans would not be subordinate to any other obligations.

24.   Upon information and belief, defendants thereby knowingly and intentionally misrepresented to E*TRADE that they would disburse funds as instructed, and misrepresented to E*TRADE that its loans would not be subordinate to other obligations.

25.     Defendants made these misrepresentations with the intent to induce E*TRADE into wiring funds to defendants so that they could convert those funds.

26.     E*TRADE, reasonably relied upon these material misrepresentations, wired funds to defendants to be disbursed by defendants at the loan closings.

27.     Upon information and belief, defendants as was their intention when they agreed to close the mortgages for E*TRADE, did not disburse the funds according to E*TRADE's instructions, including the disbursement of funds to pay off other mortgages on the subject properties, and thereby damaged E*TRADE in an amount to be determined upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

### THIRD CAUSE OF ACTION

**(Breach of Fiduciary Duty
Against all Defendants)**

28.     E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

29.     Defendants, having undertaken to act, and having acted as, E*TRADE's closing agents in connection with the above-referenced loans, and as title agents on the same transactions, owed a duty to E*TRADE to perform their functions with the utmost degree of care, skill and diligence.

30.     Defendants breached their fiduciary duty by converting the funds that had been wired into their escrow accounts, and by not ensuring that E*TRADE's loans would not be subordinate to other obligations.

31.     Defendants breached their fiduciary duty by not redrawing dishonored checks, or checks that were never delivered to the designated payees, upon good funds.

32.     Defendants breached their fiduciary duty by failing to supervise those under their control who contributed to E*TRADE's losses.

33.     These breaches of fiduciary duty were the proximate cause of E*TRADE's losses, in an amount to be determined upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Fraud Against all Defendants)

34.     E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

35.     Upon information and belief, defendants agreed to conduct the above loan closings for E*TRADE, while having no present intention to actually close the loans according to E*TRADE's instructions, and agreed to act as title agents while having no intention to carry out their obligations as such.

36.     Upon information and belief, defendants thereby knowingly and intentionally misrepresented to E*TRADE that they would disburse funds as instructed, and knowingly and intentionally misrepresented to E*TRADE that E*TRADE would not be subordinate to other lenders.

37.     Defendants made these misrepresentations with the intent to induce E*TRADE into wiring funds to defendants so that they could convert those funds.

38.     E*TRADE, reasonably relying upon these material misrepresentations, wired funds to defendants to be disbursed by defendants at the loan closings.

39.     Upon information and belief, defendants, as was their intention when they agreed to close the loans for E*TRADE, did not disburse the funds according to E*TRADE's

instructions, and thereby damaged E*TRADE in an amount to be determined upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

### FIFTH CAUSE OF ACTION
### (Negligence Against all Defendants)

40. E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

41. Defendants each jointly and severally owed a duty to E*TRADE to ensure that the funds entrusted to defendants for disbursement at the loan closings described herein were in fact present in the accounts upon which checks were drawn, to ensure that all necessary checks were drawn and sent to the designated payees at or immediately after closing, and to ensure that title to the subject property was free and clear of other encumbrances,

42. Defendants breached this duty by not ensuring that sufficient funds were available in defendants' accounts to cover the checks drawn by defendants at the closings described herein, by failing to deliver checks to the designated payees, and by failing to fulfill their obligations as title agents.

43. As a proximate cause of this breach of the duty of care, E*TRADE has been damaged in an amount to be determined upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

### SIXTH CAUSE OF ACTION
### (Unjust Enrichment
### Against all Defendants)

44. E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

45. Defendants, upon information and belief, all wrongfully benefited by E*TRADE's wiring of loan disbursement funds to them by enjoying portions of those funds for their own personal use.

46. None of the defendants were the intended beneficiaries of E*TRADE's loan disbursement funds.

47. In equity and good conscience, defendants must return E*TRADE's funds.

48. As a result of this unjust enrichment, E*TRADE has been damaged in an amount to be proven upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

### SEVENTH CAUSE OF ACTION
### (Money Had and Received
### Against all Defendants)

49. E*TRADE repeats and realleges each and every one of the allegations contained in Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

50. Defendants received from E*TRADE an amount to be determined upon the trial of this matter, but believed to be no less than $2.5 million.

51. That money should have been paid to E*TRADE's designated beneficiaries, that money still belongs to E*TRADE and E*TRADE is legally and equitably entitled to its return.

52. It is against equity and good conscience to allow defendants to retain that money.

53. As a result of defendants receipt and wrongful retention of these funds, E*TRADE has been damaged in an amount to be proven upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

**WHEREFORE**, E*TRADE respectfully demands judgment as follows:

1. On all Causes of Action, joint and several damages against all defendants in an amount to be determined upon the trial of this matter, but believed to be no less than $3,007,914.65, plus prejudgment interest.

1-NY/2264087.1

2. An order preliminarily enjoining and restraining the transfer of any assets held by the defendants pending final judgment in this action.

3. Any other relief that this Court deems just and proper, together with the costs, disbursements, and attorney's fees incurred in this action.

February 13, 2008                                REED SMITH LLP

                                                 By: _____
                                                 Wallace B. Neel (WN 0038)
                                                 David E. Weiss (*admitted pro haec vice*)
                                                 599 Lexington Avenue
                                                 New York, New York 10022
                                                 212-521-5400

                                                 *Attorneys for Plaintiffs E\*TRADE Savings Bank and E\*TRADE Mortgage Corporation*