UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

E*TRADE SAVINGS BANK and
E*TRADE MORTGAGE CORPORATION,

          Plaintiffs,

    -v-                                          No. 07 Civ. 8065 (LTS)(GWG)

NATIONAL SETTLEMENT AGENCY, INC.
et al.,

          Defendants.

-------------------------------------------------------x
LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

        On September 14, 2007, Plaintiffs E*Trade Savings Bank and E*Trade Mortgage Corporation ("Plaintiffs"), filed the above-captioned action against Defendants National Settlement Agency, Inc., Steven M. Leff, Rachel M. Leff, Richard A. Leff and Fast Track Title Agency LLC (collectively, "Defendants"), alleging that Defendants, holding themselves out as mortgage brokers, wrongfully appropriated funds entrusted to them by Plaintiffs for their own use. Plaintiffs filed an Amended Complaint containing the same substantive allegations on February 19, 2008. Plaintiffs now move under Rule 55 of the Federal Rules of Civil Procedure for entry of a default judgment against two Defendants, National Settlement Agency, Inc. ("NSA") and Steven M. Leff ("Steven Leff"), and an award of judgment in the total amount of $3,007,914.65, plus prejudgment interest against the same. For the following reasons, Plaintiffs' motion for default is granted and the Clerk of Court shall enter judgment against Defendants NSA and Steven Leff.

## BACKGROUND

Plaintiffs are in the business of originating and servicing residential mortgage loans. Plaintiff alleges that Defendants agreed to serve as Plaintiffs' closing agents for sixteen mortgage loans. (Am. Compl. ¶ 16.) For each mortgage loan transaction, Plaintiffs wired funds into one of Defendants' escrow accounts, and Defendants were to use such funds solely make various payments at closing in accordance with Plaintiffs' instructions. (Id. ¶ 14.) Payees for each of the sixteen mortgage loans were not paid and the Amended Complaint lists the specific monetary amounts that were entrusted to Defendants and not paid in accordance with Plaintiffs' instructions. (Id. ¶ 16.) Plaintiffs seek $3,007,914.65 in damages, representing the total amount wrongfully appropriated by Defendants as set forth in the Amended Complaint.

Plaintiffs served the summons and complaint on NSA and Steven Leff on September 19 and 20, 2007, and Plaintiffs served a supplemental summons and their Amended Complaint on NSA and Steven Leff on March 27 and 29, 2008.  Neither defendant has filed an answer, either to the complaint or the Amended Complaint, and the time for NSA and Steven Leff to do so for either has expired.  NSA has yet to appear in the action.[1]  On May 6, 2008, the Court issued an Order allowing Plaintiffs to file the instant motion for default judgment as against NSA and Steven Leff. Plaintiffs filed their motion, with proof of service, on May 16, 2008. Defendants NSA and Steven Leff have not responded to date.

---

[1] Steven Leff has also failed to formally enter an appearance in this action, but the counsel retained by him to representing him in related civil actions in late 2007 did appear in court in connection with those actions and spoke on behalf of Steven Leff at various hearings in late 2007.

## DISCUSSION

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The Court finds that all three factors weigh in favor of granting Plaintiffs' request for default judgment.

NSA's non-appearance in the action and both NSA's and Steven Leff's failure to respond to the Amended Complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether these defendants have a meritorious defense to Plaintiffs' allegations because they have presented no such defense to the Court. Thus, Plaintiffs' allegations are deemed admitted. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Finally, denying the motion would be unfairly prejudicial to Plaintiffs, because NSA has failed to respond or appear, and Steven Leff has failed to plead or defend in response to any of the substantive allegations in Plaintiffs' complaint or Amended Complaint. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Accordingly, Plaintiffs' motion for default judgment is granted.

The enumerations of the sixteen loans and the specific amounts wrongfully withheld by the defendants in connection with each transaction support Plaintiffs' request for the entry of judgment in the total amount of $3,007,914.65. The Court finds that there is no just reason for the

delay of entry of judgment as against these two defendants, in that they have defaulted willfully and sums certain are sought. See Fed. R. Civ. P. 54(b). Accordingly, judgment shall be entered against Defendants National Settlement Agency, Inc. and Steven M. Leff, jointly and severally, in the amount of $3,007,914.65, plus prejudgment interest at the rate of 9% from August 31, 2007,[2] to date ($215,086.50), for a total judgment of $3,223,001.15.

SO ORDERED.

Dated: New York, New York
       June 16, 2008

LAURA TAYLOR SWAIN
United States District Judge

---

[2] Because the Amended Complaint's only reference to the timing of Defendants' alleged improper conduct notes generally that the conduct occurred "[i]n the spring and summer of 2007" (Am. Compl. ¶ 14) and no further evidentiary submissions shed light on precisely when the conduct allegedly occurred, and because the motion for default judgment does not specifically request a date on which prejudgment interest should be computed, the Court in its discretion sets the start date for purposes of computing prejudgment interest to be August 31, 2007. See N.Y. C.P.L.R. § 5001(b).