UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

E*TRADE SAVINGS BANK and
E*TRADE MORTGAGE CORPORATION,

        Plaintiffs,

  -v-                                                  No. 07 Civ. 8065 (LTS)(GWG)

NATIONAL SETTLEMENT AGENCY, INC.;
FAST TRACK TITLE AGENCY LLC;
STEVEN M. LEFF; RACHEL M. LEFF; and
RICHARD A. LEFF,

        Defendants.

--------------------------------------------------------x

**MEMORANDUM ORDER**

        In this action brought against Defendants National Settlement Agency, Inc. ("NSA"), Fast Track Title Agency LLC ("Fast Track"), Steven M. Leff, Rachel M. Leff, and Richard A. Leff (collectively "Defendants"), Plaintiffs E*TRADE Savings Bank and E*TRADE Mortgage Corporation (collectively "E*TRADE" or "Plaintiffs"), in their Amended Complaint, assert several causes of action under New York common law concerning alleged improprieties carried out by the Defendants while acting as closing and title agents for mortgages secured by Plaintiffs. The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332.

        Defendant Fast Track now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' Amended Complaint as against it in its entirety. The Court has thoroughly considered all of the parties' submissions. For the following reasons, Fast Track's motion is granted in part and denied in part.

BACKGROUND

The following facts, alleged in Plaintiffs' Amended Complaint, are taken as true for the purposes of the instant motion practice. In the spring and summer of 2007, Defendants acted as closing and title insurance agents in connection with certain mortgages funded by E*TRADE. (Am. Compl. ¶ 10-12.) As closing agents, Defendants were obligated to disburse to borrowers and other payees funds wired to escrow accounts by E*TRADE. (Id. at ¶ 13.) As title insurance agents, Defendants were obligated to place title insurance, and to ensure that loans provided by the Plaintiffs were not subordinate to other loans on the subject properties at the time of closing. (Id.)

Rather than disburse the funds as required, Defendants withheld and used all or a portion of the monies for personal uses. (Id. at ¶ 14.) E*TRADE, to its detriment, covered the obligations of its borrowers that were to be paid with the misappropriated funds, and incurred other expenses in addressing issues arising from the misappropriation. (Id. at ¶ 15.) Plaintiffs further allege that NSA and Fast Track shared "a unity of interest and ownership" such that "they are each alter egos of the other," and are therefore liable for each others' conduct. (Id. at ¶ 5.) Steven Leff is the president of NSA and an officer and employee of Fast Track (id.), and both NSA and Fast Track did business out of the same address in New York City. (Id. at ¶¶ 3-4.)

Plaintiffs assert seven causes of action arising under New York common law against all Defendants: breach of contract, conversion, breach of fiduciary duty, fraud, negligence, unjust enrichment, and money had and received.

DISCUSSION

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004). Rule 8 of the Federal Rules of Civil Procedure dictates that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A determination as to whether a complaint is sufficiently plead to survive a Rule 12(b)(6) motion includes an examination of whether enough facts, taken as true, are alleged to make the plaintiff's claims for relief "plausible."[1] See Bell Atlantic Co. v. Twombly, 127 S. Ct. 1955 (2007); see also Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).

First Cause of Action: Breach of Contract

In the "breach of contract" section of Plaintiffs' Amended Complaint, E*TRADE alleges that "Defendants contracted with E*TRADE to act as closing agents" (Am. Compl. ¶ 18 (emphasis added)), and that Defendants breached the contract "[b]y failing to disburse the funds, and by converting those funds wired to defendants by E*TRADE." (Id. at ¶ 20.) Fast Track is at one point specifically alleged to have acted as a title insurance agent in an earlier portion of the Amended Complaint.[2] However, Plaintiffs later use the collective term "Defendants" in

---

[1] Fast Track argues that averments "upon information and belief" do not satisfy the Twombly standard. Fast Track cites no cases that accurately support its proposition, and the Court is not persuaded that such pleading is insufficient to meet the Twombly standard.

[2] "In connection with the funding of certain mortgages in the spring and summer of 2007, defendants Steven Leff, Rachel Leff, Richard Leff and NSA acted as

describing the role of <u>closing</u> agents,[3] and the Amended Complaint directly attributes misappropriation to all "Defendants" without reference to whether the misappropriation occurred in the context of Defendants' closing agent or title agent services.[4] Plaintiffs' allegations as to the contractual duties of closing agents and their allegation that all Defendants, including Fast Track, undertook to act as closing agents, are sufficient to render plausible their breach of contract claim against Fast Track. Fast Track's motion to dismiss Plaintiffs' First Cause of Action is, accordingly, denied.

<u>Second, Third, Fifth, Sixth, and Seventh Causes of Action</u>

Fast Track argues that, should the claim for breach of contract survive the motion to dismiss, the causes of action for conversion, breach of fiduciary duty, negligence, unjust enrichment, and money had and received should be dismissed as duplicative of, or inconsistent with, the breach of contract claim because they are premised on the same set of facts as the

---

closing agents." (Am. Compl. ¶ 11.) "In connection with the same mortgage transactions, defendants Steven Leff, Rachel Leff, Richard Leff and Fast Track acted as title insurance agents." (<u>Id</u>. at ¶ 12.)

[3] "Defendants, acting as closing agents, had the legal obligation, at the time of the closing of each loan, to disburse to E*TRADE's borrowers and other payees, according to E*TRADE's closing instructions, the specific funds that E*TRADE had wired in trust to certain escrow accounts . . . . As title insurance agents, defendants had the obligation to place title insurance . . . ." (<u>Id</u>. at ¶ 13.)

[4] "[D]efendants converted more than $2.5 million of E*TRADE's funds that had been wired into escrow accounts for defendants to disburse or cause to be disbursed to E*TRADE's borrowers and other designated payees . . . Rather than disburse the funds as required, defendants secreted all or a portion of the loan proceeds for their own personal uses." (<u>Id</u>. at ¶ 14.)

breach of contract claim.[5]

Here, the claim for breach of contract is specifically premised on Fast Track's agreement to undertake obligations as a <u>closing agent</u> in holding and disbursing funds. While the conversion, breach of fiduciary duty, and negligence claims also refer to the disbursement of funds, they can be read also to be premised on Fast Track's allegedly improper conduct in undertaking its duties as a <u>title agent</u>.[6] It is therefore reasonable to infer, under the liberal pleading standard of Rule 8, that the claims for conversion, breach of fiduciary duty, and negligence are based, at least in part, on facts other than those alleged in the breach of contract claim. Fast Track's motion to dismiss the Second, Third, and Fifth Causes of Action is, accordingly, denied.

Fast Track further argues that the claims for unjust enrichment and money had and received cannot stand alongside a claim for breach of contract because they are causes of action based in implied contract. In New York, such causes of action cannot stand where the subject matter of these claims is covered by a written contract, the existence of which is undisputed. <u>See</u>

---

[5]  <u>See, e.g.</u>, <u>AD Rendon Commc'n Inc. v. Lumina Americas, Inc.</u>, 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007) ("In determining whether a conversion claim is duplicative of a breach of contract claim, courts look both to the material facts upon which each claim is based and to the alleged injuries for which damages are sought."); <u>William Kaufman Org. v. Graham & James LLP</u>, 703 N.Y.S.2d 439, 442 (N.Y. App. Div. 2000) ("A cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand."); <u>Payday Advance Plus, Inc. v. Findwhat.com, Inc.</u>, 478 F. Supp. 2d 496, 505 (S.D.N.Y. 2007) ("[W]here the only duty owed to the plaintiff arises because of a valid contract, a negligence claim does not lie.").

[6]  <u>E.g.</u>, "Defendants breached their fiduciary duty by converting the funds . . . and by not ensuring that E*TRADE's loans would not be subordinate to other obligations." (Am. Compl. at ¶ 30.)

Sofi Classics S.A. Dec. C.V. v. Hurowitz, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006). Because Plaintiffs' unjust enrichment and money had and received claims may encompass Fast Track's actions as title agents, and because the breach of contract claim is specifically based on alleged contractual undertakings as a closing agent, dismissal of Plaintiffs' Sixth and Seventh Causes of Action is unwarranted at this stage.

To the extent that Plaintiffs premise any of the causes of action on an alter ego theory of liability between NSA and Fast Track, however, the claims are dismissed, because Plaintiffs have failed to allege a sufficient factual basis that would plausibly establish the existence of an alter ego relationship. See Kalin v. Xanboo, Inc., 526 F. Supp. 2d 392, 403-04 (S.D.N.Y. 2007) (allegation of alter ego liability premised upon interrelated ownership and shared office location insufficient to survive a motion to dismiss); @Wireless Enter., Inc. v. AI Consulting, LLC, 2006 WL 3370696, *6 (W.D.N.Y. Oct. 30, 2006) (allegations of joint ownership and cross-representation of officers on company websites insufficient to support a theory of alter ego liability).

Fourth Cause of Action: Fraud

Plaintiffs claim that Defendants acted fraudulently by misrepresenting their intentions to disburse the funds as instructed and to ensure that E*TRADE would not be subordinate to other lenders involved with the subject properties. Fast Track argues that Plaintiffs' cause of action for fraud should be dismissed for failing to meet the heightened pleading standard established for fraud claims by Federal Rule of Civil Procedure 9(b).

Allegations of fraud which "fail to specify the time, place, speaker, and sometimes

even the content of the alleged misrepresentations, lack the 'particulars' required by Rule 9(b)." Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986). Plaintiffs' Amended Complaint fails to plead with particularity where and when any alleged misrepresentations were made. Nor does the Amended Complaint allege exactly what the misrepresentations were. Plaintiffs argue that misrepresentations made in a written document "satisfy the rule's requirement as to identifying the 'when, where, and what' of the alleged misrepresentations" (Opp. Br. at 18 (citing Nationwide Cellular Serv., Inc. v. Am. Mobile Commc'n, Inc., 1991 WL 233284, at *6 (S.D.N.Y. Oct. 29, 1991))), but their Amended Complaint does not identify any pertinent written document. Plaintiffs have therefore failed to meet the heightened pleading standard of Rule 9(b), and Fast Track's motion to dismiss the Fourth Cause of Action, for fraud, is granted.

## CONCLUSION

For the foregoing reasons, Fast Track's motion to dismiss Plaintiffs' Amended Complaint is granted as to the Fourth Cause of Action (fraud), and as to all of Plaintiffs' causes of action to the extent that any of Plaintiffs' claims against Fast Track are premised upon an alter ego theory of liability. The motion is denied in all other respects. Plaintiffs are hereby granted leave to replead their Fourth Cause of Action and their alter ego theory of liability. Plaintiffs shall serve and file any Second Amended Complaint by August 8, 2008. Failure to do so will result in dismissal of Plaintiffs' fraud and alter ego liability claims with prejudice and without

further advance notice to Plaintiffs. The Clerk of Court is respectfully requested to terminate Docket Entry Number 54.

       SO ORDERED.

Dated: New York, New York
      July 25, 2008

/s/ LAURA TAYLOR SWAIN
United States District Judge