UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
E*TRADE SAVINGS BANK; and
E* TRADE MORTGAGE CORPORATION,

         Plaintiffs,

     -against-

NATIONAL SETTLEMENT AGENCY, INC.; FAST
TRACK TITLE AGENCY LLC; STEVEN M. LEFF;
RACHEL M. LEFF; AND RICHARD A. LEFF,

         Defendants.
------------------------------------------------------------------------ x

**ANSWER TO SECOND AMENDED COMPLAINT**

07-CV-8065 (LTS)(GWG)

    Defendant, RICHARD A. LEFF (hereinafter referred to as "Defendant"), by and through his attorneys, KAUFMAN BORGEEST & RYAN LLP, responds to the allegations made against him in the Plaintiffs' Second Amended Complaint as follows:

## PARTIES

    1.  The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Plaintiffs' Second Amended Complaint.

    2.  The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Plaintiffs' Second Amended Complaint.

    3.  The Defendant admits that NSA maintained an office at 575 Madison Avenue, New York, New York and then 404 Park Avenue South, 5th Floor, New York, New York, and is a judgment debtor under a Default Judgment entered by the Clerk of this Court on June 16, 2008, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "3" of the Plaintiffs' Second Amended Complaint.

    4.  The Defendant admits the allegations contained in paragraph "4" of the Plaintiffs' Second Amended Complaint.

772504

5. The Defendant denies that NSA and Fast Track "have such a unity of interest and ownership that they are each the alter ego of the other, and liable for each others' conduct" as alleged in paragraph "5" of the Plaintiffs' Second Amended Complaint.

6. The Defendant admits that Steven M. Leff was the president of NSA and is a judgment debtor under a Default Judgment entered by the Clerk of this Court on June 16, 2008, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "6" of the Plaintiffs' Second Amended Complaint.

7. The Defendant admits that this matter is stayed as against Rachel Leff pursuant to an Order of this Court, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "7" of the Plaintiffs' Second Amended Complaint.

8. The Defendant admits that Richard Leff is an attorney licensed in the State of New York, the brother of Steven M. Leff, that he resides 10 Park Road, Short Hills, NJ, and that he was an employee of NSA and Fast Track and 10% owner of Fast Track, but denies the remaining allegations in paragraph "8" of the Plaintiffs' Second Amended Complaint.

## **JURISDICTION AND VENUE**

9. The Defendant denies the allegations contained in paragraph "9" of the Plaintiffs' Second Amended Complaint and respectfully refers all questions of law to the Court for judicial determination.

10. The Defendant denies the allegations contained in paragraph "10" of the Plaintiffs' Second Amended Complaint and respectfully refers all questions of law to the Court for judicial determination.

## FACTUAL BACKGROUND

11. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Plaintiffs' Second Amended Complaint.

12. The Defendant denies he was a closing agent and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "12" of the Plaintiffs' Second Amended Complaint.

13. The Defendant denies he was a title agent and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "13" of the Plaintiffs' Second Amended Complaint.

14. The Defendant denies the allegations contained in paragraph "14" of the Plaintiffs' Second Amended Complaint.

15. The Defendant denies the allegations contained in paragraph "15" of the Plaintiffs' Second Amended Complaint.

16. The Defendant denies the allegations contained in paragraph "16" of the Plaintiffs' Second Amended Complaint.

17. The Defendant denies the allegations contained in paragraph "17" of the Plaintiffs' Second Amended Complaint.

18. The Defendant denies that NSA was completely dominant of Fast Track and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "18" of the Plaintiffs' Second Amended Complaint or whether Exhibit A annexed to Plaintiffs' Second Amended Complaint is what Plaintiffs purports it to be.

19. The Defendant denies that NSA was completely dominant of Fast Track and denies knowledge or information sufficient to form a belief as to whether Exhibits B & C annexed to Plaintiffs' Second Amended Complaint are what Plaintiffs purports them to be.

20. The Defendant denies knowledge or information sufficient to form a belief as to whether Exhibit B annexed to Plaintiffs' Second Amended Complaint is what Plaintiffs purports it to be.

21. The Defendant denies knowledge or information sufficient to form a belief as to whether Exhibit C annexed to Plaintiffs' Second Amended Complaint is what Plaintiffs purports it to be.

22. The Defendant denies that Fast Track was an alter ego of NSA and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "22" of the Plaintiffs' Second Amended Complaint.

23. The Defendant admits that there were separate email addresses for Fast Track and NSA employees, but denies the remaining allegations contained in paragraph "23" of the Plaintiffs' Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to whether the Exhibits annexed to Plaintiffs' Second Amended Complaint are what Plaintiffs purports them to be.

24. The Defendant denies that NSA was dominant of Fast Track and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Plaintiffs' Second Amended Complaint or whether the Exhibits annexed to Plaintiffs' Second Amended Complaint are what Plaintiffs purports them to be.

25. The Defendant admits that NSA and Fast Track shared an office address at 404 Park Avenue South in New York City, but denies the remaining allegations contained in paragraph "25" of the Plaintiffs' Second Amended Complaint.

26. The Defendant denies the allegations contained in paragraph "26" of the Plaintiffs' Second Amended Complaint.

27. The Defendant denies the allegations contained in paragraph "27" of the Plaintiffs' Second Amended Complaint.

28. The Defendant denies the allegations contained in paragraph "28" of the Plaintiffs' Second Amended Complaint.

29. The Defendant denies the allegations contained in paragraph "29" of the Plaintiffs' Second Amended Complaint.

30. The Defendant admits that Steven M. Leff pled guilty to embezzlement in the United States District Court for the Eastern District of New York in the matter of United States v. Steven Leff, Docket No. 08-cr-294 (ETB) (SJF), but denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Plaintiffs' Second Amended Complaint.

31. The Defendant denies any wrongful conduct that caused Plaintiffs any alleged losses and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "31" of the Plaintiffs' Second Amended Complaint.

32. The Defendant denies any wrongful conduct that caused Plaintiffs any alleged losses and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "32" of the Plaintiffs' Second Amended Complaint.

## FIRST PURPORTED CLAIM FOR RELIEF
### (Breach of Contract–Against All Defendants)

33. The Defendant repeats, reiterates and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

34. The Defendant denies the allegations contained in paragraph "34" of the Plaintiffs' Second Amended Complaint.

35. The Defendant denies the allegations contained in paragraph "35" of the Plaintiffs' Second Amended Complaint.

36. The Defendant denies the allegations contained in paragraph "36" of the Plaintiffs' Second Amended Complaint.

37. The Defendant denies the allegations contained in paragraph "37" of the Plaintiffs' Second Amended Complaint.

## SECOND PURPORTED CLAIM FOR RELIEF
### (Conversion-Against all Defendants)

38. The Defendant repeats, reiterates and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

39. The Defendant denies the allegations contained in paragraph "39" of the Plaintiffs' Second Amended Complaint.

40. The Defendant denies the allegations contained in paragraph "40" of the Plaintiffs' Second Amended Complaint.

41. The Defendant denies the allegations contained in paragraph "41" of the Plaintiffs' Second Amended Complaint.

42. The Defendant denies the allegations contained in paragraph "42" of the Plaintiffs' Second Amended Complaint.

43. The Defendant denies the allegations contained in paragraph "43" of the Plaintiffs' Complaint.

### THIRD PURPORTED CLAIM FOR RELIEF
(Breach of Fiduciary Duty-Against All Defendants)

44. The Defendant repeats, reiterates and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

45. The Defendant denies the allegations contained in paragraph "45" of the Plaintiffs' Second Amended Complaint.

46. The Defendant denies the allegations contained in paragraph "46" of the Plaintiffs' Second Amended Complaint.

47. The Defendant denies the allegations contained in paragraph "47" of the Plaintiffs' Second Amended Complaint.

48. The Defendant denies the allegations contained in paragraph "48" of the Plaintiffs' Second Amended Complaint.

49. The Defendant denies the allegations contained in paragraph "49" of the Plaintiffs' Second Amended Complaint.

### FOURTH PURPORTED CLAIM FOR RELIEF
(Fraud-Against All Defendants)

50. The Defendant repeats, reiterates and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

51.     The Defendant denies the allegations contained in paragraph "51" of the Plaintiffs' Second Amended Complaint.

52.     The Defendant denies the allegations contained in paragraph "52" of the Plaintiffs' Second Amended Complaint.

53.     The Defendant denies the allegations contained in paragraph "53" of the Plaintiffs' Second Amended Complaint.

54.     The Defendant denies the allegations contained in paragraph "54" of the Plaintiffs' Second Amended Complaint.

36.     The Defendant denies the allegations contained in paragraph "55" of the Plaintiffs' Second Amended Complaint.

### FIFTH PURPORTED CLAIM FOR RELIEF
(Negligence-Against All Defendants)

56.     The Defendant repeats, reiterate and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

57.     The Defendant denies the allegations contained in paragraph "57" of the Plaintiffs' Second Amended Complaint.

58.     The Defendant denies the allegations contained in paragraph "58" of the Plaintiffs' Complaint.

59.     The Defendant denies the allegations contained in paragraph "59" of the Plaintiffs' Second Amended Complaint.

## SIXTH PURPORTED CLAIM FOR RELIEF
**(Unjust Enrichment-Against All Defendants)**

60. The Defendant repeats, reiterates and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

61. The Defendant denies the allegations contained in paragraph "61" of the Plaintiffs' Second Amended Complaint.

62. The Defendant denies the allegations contained in paragraph "62" of the Plaintiffs' Second Amended Complaint.

63. The Defendant denies the allegations contained in paragraph "63" of the Plaintiffs' Second Amended Complaint.

64. The Defendant denies the allegations contained in paragraph "64" of the Plaintiffs' Second Amended Complaint.

## SEVENTH PURPORTED CLAIM FOR RELIEF
**(Money Had and Received-Against All Defendants.)**

65. The Defendant repeats, reiterates and realleges each and every response to the allegations in the Plaintiffs' Second Amended Complaint, as if each were set forth verbatim herein.

66. The Defendant denies the allegations contained in paragraph "66" of the Plaintiffs' Second Amended Complaint.

67. The Defendant denies the allegations contained in paragraph "67" of the Plaintiffs' Second Amended Complaint.

68. The Defendant denies the allegations contained in paragraph "68" of the Plaintiffs' Second Amended Complaint.

69.   The Defendant denies the allegations contained in paragraph "69" of the Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Second Amended Complaint fails to state a cause of action for which relief may be granted against the Defendant and should be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendant exercised due care and diligence in all matters alleged in the Plaintiffs' Second Amended Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any damages to the Plaintiffs are the result of the acts or omissions of third persons or entities over which the Defendant exercised no direction or control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' purported breach of contract claim must be dismissed pursuant to the Statute of Frauds.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Defendant was not the proximate cause of the Plaintiffs' alleged damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' Second Amended Complaint fails to comport with Rule 9(b) and should be dismissed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Second Amended Complaint fails to establish actionable damages resulting from the Defendant's alleged acts/omissions.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Second Amended Complaint fails to establish that the Defendant's conduct fell below the applicable standard of care.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' Second Amended Complaint fails to join persons needed for just adjudication.

**WHEREFORE**, Defendant Richard A. Leff hereby demands judgment dismissing the Plaintiffs' Second Amended Complaint in its entirety, together with the costs and disbursements of this action, including attorneys' fees and for such other, further and different relief as this court may deem just and proper.

Dated: New York, New York
September 2, 2008

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
Jonathan B. Bruno
Attorneys for Defendant,
Richard A. Leff
120 Broadway, 14th Floor
New York, New York 10271
Telephone No.: (212) 980-9600

772504

11

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing: **DEFENDANT RICHARD A. LEFF'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** was served via first class mail on the 2nd day of September 2008 upon:

Wallace B. Neel, Esq.
REED SMITH LLP
599 Lexington Avenue
New York, New York  10022

Carl M. Perri, Esq.
Clausen Miller PC
One Chase Manhattan Plaza
New York, New York 10005

Douglas J. Pick, Esq.
Pick & Zabicki
369 Lexington Avenue, 12th Floor
New York, NY 10017

_____
JONATHAN B. BRUNO